64 So.2d 291 (1953)
MARGARET ANN SUPER MARKETS, Inc.
v.
DENT.
Supreme Court of Florida, Division A.
April 10, 1953.
Choate & Sinclair, Miami, for appellant.
Cushman, Gay & Woodard, Miami, for appellee.
MATHEWS, Justice.
This case was tried before a jury on two counts of complainant, the 4th and 5th. The jury rendered a verdict in favor of the plaintiff in the sum of $10,000 upon which judgment was entered. Motion for new trial was denied. This is an appeal from the final judgment.
*292 The Court charged the jury at length with reference to punitive damages. The appellant assigns as error this charge of the Court with reference to punitive damages and insists that there is no allegation contained in either count of the declaration setting forth any facts or circumstances to warrant punitive damages. From an examination of the two counts of the declaration it is apparent that the appellee made no claim for punitive damages and the bill of particulars filed as to each count contains no claim for such damages. The bill of particulars claimed $250, for disbursements in obtaining a dismissal of the charges against him, and claimed $49,750 for mental and physical pain and suffering, humiliation, embarrassment, neurological damage and injury, diminished earning capacity as a result of plaintiff's arrest and imprisonment. In the declaration the damages claimed were based upon the allegation that the plaintiff was held up to scorn before friends, acquaintances and other people; that as a direct and proximate result of the aforesaid the plaintiff was greatly damaged in his reputation and became sick and nervous from the shock of being so arrested and detained and carried through the streets of said City as aforesaid.
In the case of S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757, page 763 of the text, the Court said:
"In an action for false imprisonment, which may be brought regardless of whether there was, or was not, malice, the elements of recoverable compensatory damages may include bodily injuries or physical suffering, which are the proximate result of the unlawful imprisonment, or illness caused thereby; physical inconveniences and discomfort suffered by reason of the condition of the place of confinement; loss of time, and losses sustained in the business or employment of the plaintiff; expenses incurred as a result of the unlawful imprisonment; mental suffering endured because thereof, such as embarrassment, humiliation, deprivation of liberty, disgrace and injury to the feelings of the person unlawfully imprisoned, as well as injury to his reputation, resulting therefrom. 25 C.J. 556-560. In this case the elements charged are embarrassment, humiliation, and deprivation of liberty. In the case of Smith v. Bagwell, 19 Fla. 117, 45 Am.Rep. 12, this court held:
"`Compensatory damages are defined as such as arise from actual and indirect pecuniary loss, mental suffering, value of time, actual expenses, and bodily pain and suffering. Exemplary, vindictive or punitory damages are such as blend together the interests of society and of the aggrieved individual, and are not only a recompense to the sufferer but also a punishment to the offender and an example to the community.'"
The allegations in each count and the Bill of Particulars cover only those things for which compensatory damages may be recovered, and do not contain allegations or statements, upon which punitive damages may be recovered.
It was error to charge the jury with reference to punitive damages in this case.
It is unnecessary to consider the other assignments of error because a new trial must be granted.
The judgment appealed from should be set aside and vacated and the motion for new trial granted.
Reversed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.