### LYON v. REYNOLDS.
No. 67-74.

Circuit Court, Dade County.

January 26, 1968.

Wolfson, Diamond & Silverstein, Miami Beach, for plaintiff.

James A. Dixon, Jr., of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, and William F. Fann, Jr., Miami Shores, for defendants.

JACK A. FALK, Circuit Judge.

This matter is before the court on a motion to strike the plaintiff's claim for punitive damages filed by the defendant, Helen Reynolds, in her individual capacity. In order that this order may appear in its proper context, it is advisable that the posture of the case at this point be reviewed.

This is a suit wherein the plaintiff, Anthony Richard Lyon, seeks to recover both compensatory and punitive damages from the defendant, Stephen Howard Reynolds, a minor, who is represented in this action by his mother and guardian ad litem, Helen Reynolds, and from Helen Reynolds, individually.

The second amended complaint alleges that on July 15, 1966 at approximately 11:59 P.M. the minor defendant, Stephen Howard Reynolds, was the operator of a 1965 Falcon Sedan owned by the defendant, Helen Reynolds, which was proceeding in an easterly direction on N.E. 79th Street near its intersection with N.E. 2nd Avenue in Miami. It is alleged that as a result of the gross negligence of the operator of this automobile it crossed the center line of N.E. 79th Street into the westbound lanes of traffic and collided with an automobile operated by the plaintiff. As a result of this accident, the plaintiff alleges that he sustained personal injury and property damage and seeks compensatory damages in this regard, and in addition the plaintiff seeks to recover of both defendants punitive damages in excess of the minimum jurisdiction of this court.

The defendants, in their answer to the second amended complaint, admit that an accident occurred at the time and place set forth therein, between a motor vehicle owned by the defendant, Helen Reynolds, and operated by the defendant, Stephen Howard Reynolds, and a motor vehicle owned and operated by the plaintiff. The defendants deny that the accident occurred in the manner alleged and deny any carelessness, negligence or gross negligence in the operation and control of the defendants' vehicle. It appears from answers to interrogatories filed by the defendants that the defendants' vehicle was registered in the name of Howard V. Reynolds, the deceased father and husband of the defendants, and the court has heretofore granted the defendants' motion to amend the answer to permit the defendants to deny that Helen Reynolds was the owner of the vehicle. Thus, an issue is created on the question of whether or not Helen Reynolds is liable at all for damages in this cause. This issue will have to be resolved by a jury.

The defendant Helen Reynolds, in her individual capacity, has now filed a motion to strike from the second amended complaint the plaintiff's claim for punitive damages against her, on the ground that there is no authority in law or in fact for the assessment of punitive damages against her solely by virtue of her alleged ownership of the vehicle operated by the defendant Stephen Howard Reynolds.

This motion to strike raises what appears to the court and to counsel to be a matter of first impression in this state, at least as far as the court's and counsel's research has been able to ascertain. The question before the court can be precisely stated as "whether or not the owner of an automobile may be held liable for punitive damages arising solely out of the grossly negligent operation thereof by the driver, in the absence of some relationship of master-servant". Leo M. Alpert in his authoritative work entitled *Florida Automobile Accident Law* (2nd Edition, 1967) discussed this proposition in §7-15 and concludes —

> "The views pro and con present a difficult and interesting problem. It would appear to be wise not to prejudge the case which might arise, with its particular equities, by a statement of a 'rule' or what 'ought to be' ".

The author points out that in those situations in which the driver was acting in some sort of agency or service of the owner, engaged upon the owner's business at the time of the accident, the owner would be held liable for punitive damages for an injury inflicted wilfully by the driver, referring to the several cases involving physical assaults by bus drivers or other servants such as McLain v. Pensacola Coach Corp. (Fla. 1943), 13 So.2d 221, and Miami Transit Co. v. Yellen (Fla. 1945), 22 So.2d 787. The author also refers to the case of Martin v. Story (Fla. App. 2, 1957), 97 So.2d 343, where it was held that there was an issue for the jury on punitive damages when the accident was caused by the defendant's servant in the operation of a motor vehicle in the scope of his employment.

A case that is closely on point, but not dispositive of this issue, is Sauer v. Sauer (Fla. App. 2, 1961), 128 So.2d 761. In that case the owner of the vehicle in question was a rental agency which had leased the automobile to a person who directed his sister, the driver of the car, to run over the bailee's ex-wife. The court held that punitive damages were properly assessed against the bailee and his sister and compensatory damages against all

three, but the court did not go into the question of whether the owner also should be held in punitive damages and the court cannot determine from the opinion whether that issue was raised by the pleadings.

It is conceded here that the driver of the defendant's automobile was engaged solely in his own activities and that the owner's liability, if any, arises solely by virtue of her alleged ownership of the vehicle and not through any master-servant or parent-child relationship. Since there does not appear to be any reported Florida case directly on point, the court believes it is appropriate to turn to the general question of punitive damages to determine whether the public policy of the state would be carried out by such an award against the owner of the vehicle. It has been held that exemplary or punitive damages are allowed as a punishment to the defendant and as a warning and example to deter him and others from committing similar offenses in the future. Florida East Coast Ry. Co. v. McRoberts (Fla. 1933), 149 So. 631, 94 A.L.R. 376; Margaret Ann Supermarkets, Inc. v. Dent (Fla. 1953), 64 So.2d 291; Webb's City, Inc. v. Hancur (Fla. App. 1962), 144 So.2d 319; 9 Fla. Jur. 452, *Damages*, §115

It appears to the court that in those cases where employers or principals were held liable for punitive damages arising out of the conduct of their employees or agents acting within the scope of their employment or agency there is some rationale for the imposition of punitive damages. Under this theory, the employer or principal is punished to deter him from employing persons of the type committing the act and to make an example of the employer or principal which will deter him and others from doing so in the future, and to cause the employer or principal to place restraints upon the employee or agent, which he can best enforce.

It does not appear, however, that the same reasoning should apply to the owner of an automobile, as the punishment of an owner whose liability arises solely out of his ownership does not fulfill the purpose for which punitive damages are allowed. It is, therefore, the holding of this court that under the circumstances set forth in the pleadings of this cause, the defendant, Helen Reynolds, in her individual capacity, cannot be held liable to the plaintiff for punitive damages even if she be in fact the owner of the vehicle driven by the defendant, Stephen Howard Reynolds, and therefore, her motion to strike the plaintiff's claim for punitive damages against her should be and it is hereby granted.