777 So.2d 980 (2001)
Paul E. BATES, et al., Appellants,
v.
Javier ROSIQUE, et al., Appellees.
No. 3D00-1153.
District Court of Appeal of Florida, Third District.
February 21, 2001.
*981 Goldstein & Tanen and Susan E. Trench, Miami, for appellants.
William J. Berger (Boca Raton), for appellees.
Before LEVY, GODERICH, and SHEVIN, JJ.
LEVY, Judge.
Paul E. Bates, et al. ("Buyers") appeal from a lower court Order entering Partial Summary Judgment in favor of Javier Rosique, et al. ("Sellers") on the basis that Buyers' fraudulent inducement claims were barred by the Economic Loss Rule. For the following reasons, we affirm.
On October 29, 1993, Buyers and Sellers entered into a contract for the sale and purchase of a hotel resort. Buyers claim that, prior to entering into the agreement, Sellers represented that certain development documents existed, were in Sellers' possession and would be turned over to Buyers at closing. The parties later made these representations a part of the purchase and sale agreement by virtue of a provision expressly providing that Sellers were to turn over all development documents in their possession to Buyers at closing. The agreement also contained a merger clause providing that no prior or present agreements or representations "shall be binding upon Buyer or Seller unless included in this Contract".
The deal never closed and the present litigation was instituted in early 1995 with Sellers filing a Complaint and Buyers filing a Counterclaim. Counts VIII, IX and XI of Buyers' Amended Verified Counterclaim alleged fraudulent inducement against Sellers.[1] Specifically, Counts VIII, IX and XI alleged that Sellers had represented to Buyers that: (1) "there exist prior permits, plans, various surveys, soil tests and licenses for hotel/motel operations and restaurant use."; (2) Sellers were "in possession of said permits together with plans for construction and expansion, surveys, soil and perk tests, and other documentation related to prior and future intended use of the property."; and (3) Sellers made these representations to induce Buyers to act upon the respective representations so that Buyers would "enter into a contract to purchase the subject property and make improvements to the property."
On September 27, 1999, Sellers filed a Motion for Summary Judgment as to the fraudulent inducement counts contained in Buyers' Amended Verified Counterclaim. The basis of said motion was that the fraudulent inducement claims were barred by the Economic Loss Rule. On March 2, 2000, the trial court entered an Order granting Sellers' Motion for Summary Judgment as to Counts VIII, IX and XI of *982 the Amended Counterclaim. In so holding, the trial court found said claims were barred by the Economic Loss Rule, explaining:
In the instant case, all alleged misrepresentations/inducements are fully discussed and incorporated into the written contract between [Sellers] and [Buyers] and, therefore the [Buyers] [are] limited to those remedies available to him pursuant to said contract. Further, the court finds that having executed a contract which plainly and unambiguously asserts that there are no other agreements or representations other than those contained in that contract, the [Buyers] cannot now take a contradictory position.
On this appeal, Buyers allege that the trial court erred in finding Counts VIII, IX and XI were barred by the Economic Loss Rule. We disagree. In general, a fraud in the inducement claim is not barred by the Economic Loss Rule if the plaintiff can demonstrate that it is a tort independent from the breach of contract. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996). However, where the alleged fraudulent misrepresentations are inseparably embodied in the parties' subsequent agreement, the Economic Loss Rule will apply. See Clayton v. State Farm Mutual Auto. Ins. Co., 729 So.2d 1012 (Fla. 3d DCA 1999); Pressman v. Wolf, 732 So.2d 356 (Fla. 3d DCA 1999). In Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74, 77 (Fla. 3d DCA 1997), this Court explained:
Applying common sense to the supreme court's analysis [in HTP, Ltd.], we decline to adopt the defendants' position that one can always avoid operation of the economic loss doctrine by merely pleading fraud in the inducement. A critical distinction must be made where the alleged misrepresentations are inseparably embodied in the parties' subsequent agreement. This would seem especially so where the parties have specifically agreed in an integration clause that their written contract "supersedes all prior agreements or understandings." See Tevini v. Roscioli Yacht Sales, Inc., 597 So.2d 913 (Fla. 4th DCA 1992), rev. denied, 613 So.2d 9 (Fla.1993).
In the instant matter, the trial court found that the Economic Loss Rule applied because: (1) Buyers' alleged misrepresentations were discussed and incorporated into the written contract between the parties; and (2) the contract contained a merger clause superseding all prior representations and agreements. In light of the aforementioned authorities, we find no error on the part of the trial court.
Buyers attempt to rely upon Allen v. Stephan Co., 25 Fla. L. Weekly D2622 (Fla. 4th DCA Nov.8, 2000), which held that where a misrepresentation goes to a term of the bargain, and not performance of the contract, the Economic Loss Rule does not apply. In that case, the sellers of a company falsely stated that all corporate taxes had been paid, that all tax returns had been filed and that all financial liabilities had been disclosed. Id. at 1. These misrepresentations were all contained in the contract for sale of the company. The buyers sued the sellers alleging fraud. The trial court determined that the fraud claims were not barred by the Economic Loss Rule. The Fourth District affirmed the trial court's Order, finding that the misrepresentations were a term of the bargain because "[n]othing further was required of the [sellers] in connection with this contract term after they made the representations that all [of the company's] taxes had been paid." Id. at 2.
We find Allen to be inapposite to the instant matter. This was not a case where Buyers were simply informed that certain development documents were in existence prior to entering into the contract for purchase and sale. Instead, Buyers entered into said agreement with the understanding that, not only did these documents exist, but that Sellers would turn over these valuable, material documents to Buyers upon closing. These representations *983 were later made a part of the contract itself. Thus, unlike the circumstances in Allen, the alleged misrepresentations by Sellers in this case were made in connection with Seller's performance under the purchase and sale agreement.
In summary, we find that Buyers fraudulent inducement claims were barred by the Economic Loss Rule as the alleged misrepresentations were inseparably embodied in the parties' agreement.
Affirmed.
NOTES
[1] Count X of the Amended Verified Counterclaim alleged that, after the execution of the contract, Sellers fraudulently induced Buyers to agree to a modification of said contract that, subsequently, subjected Buyers to unexpected tax obligations. The trial court entered Summary Judgment in favor of Sellers on this count based on the Economic Loss Rule. Buyers stipulate that they are not appealing the entry of Summary Judgment as to Count X.