**Jose Antonio ROSA, Plaintiff,**

v.

**AMOCO OIL COMPANY,
et al., Defendants.**

No. 02–61139–CIV.

United States District Court,
S.D. Florida,
Miami Division.

April 22, 2003.

Allan Stuart Reiss, Esq., Levine & Partners, Miami, FL, Michael A. Weinstein, Esq., Adorno & Yoss, Ft. Lauderdale, FL, for Plaintiff.

John R. Hargrove, Esq., Moises Melendez, Esq., Heinrich Gordon Hargrove Weihe & James, Fort Lauderdale, FL, for Defendants.

## ORDER GRANTING MOTION TO DISMISS

K. MICHAEL MOORE, District Judge.

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss (**DE # 16,** Filed October 11, 2002). Response and reply have been filed. Accordingly, the Court finds this Motion ripe for adjudication and enters this order granting Defendant's Motion to Dismiss.

Plaintiff filed a Complaint against Defendants Amoco Oil Company ("Amoco Oil") and its corporate representative Bill Downs ("Downs") on August 5, 2002 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Plaintiff traveled on five counts; (1) fraud, (2) negligent misrepresentation, (3) violation of the Florida Deceptive and Unfair Trade Practices Act, (4) temporary and permanent prohibitory injunctive relief, and (5) a second count for temporary and permanent injunctive relief. The Complaint alleges that Plaintiff relied on misrepresentations by both Defendants and entered a Transfer Agreement for an Amoco service station. Plaintiff claims that he did not realize that the Agreement was for a four year term only, as Defendants represented that the four year term was an initial one subject to automatic renewal for two more consecutive terms of four years each—a twelve year term in all.

On August 14, 2002 Defendant Amoco Oil removed this case to federal court on diversity grounds. On October 11, 2002 Defendant filed this Motion to Dismiss the Complaint.

**Motion to Dismiss Standard**

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On such a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v.*

*ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *The South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). Specifically, "[i]t is a well-settled principle of law that 'a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory.'" *Bowers v. Hardwick*, 478 U.S. 186, 201–02, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986) (Blackmun, J., dissenting); *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

### Plaintiff's Tort Claims

■ Defendants' main argument is that Plaintiff cannot maintain his tort claims against the Defendants, as such claims are precluded by Florida's economic loss rule. This rule bars a plaintiff from bringing tort claims to recover pure economic damages arising from a breach of contract cause of action absent personal injury or property damages. *See Jones v. Childers*, 18 F.3d 899, 904 (11th Cir.1994). However, the Florida Supreme Court found that the economic loss rule did not eliminate "causes of action based upon torts independent of the contractual breach even though there exists a breach of contract action. Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." *See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239 (Fla. 1996). The Florida Supreme Court found that fraudulent inducement was an independent tort that required proof of facts separate from a breach of contract action. *Id.* at 1239. The allegations brought by Plaintiff in his two counts for fraud and negligent misrepresentation set forth a claim for fraudulent inducement. *See Mobil Oil Corp. v. Dade County Esoil Mgmt. Co.*, 982 F.Supp. 873, 881 (S.D.Fla.1997). Accordingly, Plaintiff argues that he has properly stated a state claim against the Defendants.

■ However, statements or misrepresentations made to induce an individual to enter a contract, if later contained within the terms of the actual contract, cannot constitute a basis on which to bring a fraud claim. *See MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F.Supp.2d 1346, 1362 (S.D.Fla.2000); *Bates v. Rosique*, 777 So.2d 980, 982 (Fla. 3d DCA 2001); *Excess Risk Underwriters, Inc. v. Lafayette Life Ins. Co.*, 208 F.Supp.2d 1310, 1318–19 (S.D.Fla.2002) (finding that fraudulent inducement claim was insufficient to survive economic loss rule as it was effectively a breach of contract or fraud in the performance claim labeled as a fraudulent inducement action). *See also Hillcrest Pacific Corp. v. Yamamura*, 727 So.2d 1053, 1056 (Fla. 4th DCA 1999) ("A party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract").

In his Complaint, Plaintiff alleges that Amoco Oil, through its corporate representative Downs, made representations in December 1998 to induce him to enter the Commission Marketer Transfer Agreement ("Transfer Agreement"). These representations concerned the length of the Agreement term. Plaintiff claims that he understood, based on what he was told by Defendants, that the Agreement's initial term was for four years (approximately three years remained on this initial term), and would automatically renew for 2 further consecutive terms of four years each. In his two counts for fraud and negligent misrepresentation, Plaintiff only includes allegations about the misrepresentations of the length of the Agreement and his reliance thereon.

According to the Complaint, on March 16, 1999, Jay Goldwasser transferred his interest in an Amoco station to Plaintiff after meeting with Amoco's corporate representative, as represented in the Transfer Agreement.[1] Goldwasser had entered into a four-year Commission Marketer Agreement ("Agreement") and a four-year Commission Marketer Lease ("Lease") with Amoco Oil on October 2, 1998. The Marketer Agreement and the Lease both specify that the term is for four years. *See* ¶ 2 of Exhibit A and ¶ 3 of Exhibit B to Defendant's Motion to Dismiss. ¶ 3 of the Marketer Agreement provides

> Marketer acknowledges and understands that its right to use and dispense motor fuels from the Fuel Facility is only for the time period stated in this Agreement and is subject to the provisions of this Agreement. Marketer specifically acknowledges that no representations of any kind have been made to the contrary.

In addition, ¶ 23(D) of the same Agreement states that the Agreement

> shall terminate upon the termination, nonrenewal or expiration, for any reason, of the Lease. Marketer acknowledges and understands that upon the termination, nonrenewal or expiration of this Agreement and/or the Lease, Amoco may discontinue operations at the Facility or may continue in possession of the Facility and operate it with its own employees or establish operations by a contractor, dealer and/or jobber and may, without limitation, transfer, operate or use the Facility in any manner for any purpose.

A similar provision appears in the Lease Agreement at ¶ 19(D).

Both the Agreement and the Lease also contain merger clauses which provide in part that "No representations or statements other than those expressly set forth herein have been relied upon by the parties in entering into this Agreement." *See* ¶ 28 of Agreement and ¶ 30 of Lease. The Transfer Agreement that Plaintiff signed also contained an integration clause in ¶ VI(B) which provides that the agreement, "the attachments hereto and to documents referred to herein, constitute the entire agreement among the parties with respect to the subject matter hereof. No amendment shall be binding unless in writing and signed by the party against whom enforcement is sought."

It is clear from this simple review of the contracts at issue and Plaintiff's Complaint that these alleged oral false statements made at the December 1998 meeting solely concerned the duration of the Agreement. The two tort claims therefore are not distinct from Plaintiff's breach of contract

---

1. Exhibit C of Defendant's Motion to Dismiss.

allegations. *See Nautica Int'l, Inc. v. Intermarine USA, L.P.*, 5 F.Supp.2d 1333, 1347 (S.D.Fla.1998). The misrepresentations on which Plaintiff claims reliance and subsequent damage were contradicted in the provisions of the Transfer Agreement he signed. *See Hillcrest Pacific Corp.*, 727 So.2d at 1056; *Bates*, 777 So.2d at 982. Plaintiff cannot now seek to avoid application of the economic loss rule by construing his tort claims as independent from his breach of contract action. Judge Ryskamp's admonition in *Eclipse Med., Inc. v. American Hydro–Surgical Instruments, Inc.*, 262 F.Supp.2d 1334, 1342, 1999 WL 181412, at \*6 (S.D.Fla.1999) is applicable here; "It is patently unreasonable for [Plaintiff] to rely on a promise that the Agreement would be renewed annually...based on performance where the Agreement specifically and unambiguously creates only a single renewal term based on performance."

Plaintiff asserts that the presence of a merger clause is not an impediment to bringing a fraudulent inducement claim, citing *Noack v. Blue Cross and Blue Shield of Fla., Inc.*, 742 So.2d 433, 434 (Fla. 1st DCA 1999). *Noack* references the case *Wilson v. Equitable Life Assurance Soc'y*, 622 So.2d 25, 27 (Fla. 2d DCA 1993) for this proposition. However, upon review, the reader will find that *Wilson* actually supports Defendant Amoco Oil's position rather than Plaintiff's. *Wilson* involved a claim of fraudulent inducement into an employment contract, but it did not concern a misrepresentation that expressly contradicted specific language of the contract. The court in *Wilson* found that the contract "simply ha[d] no explicit language

discussing or foreclosing the possibility of a future arrangement as an agency manager with a guaranteed salary." In comparison, the *Wilson* court recognized that Florida courts found claims for fraudulent inducement barred when the alleged misrepresentation explicitly contradicted an unambiguous provision in a written contract. *Id.* at 28. Accordingly, Plaintiff's tort claims are barred by Florida's economic loss rule.

### Plaintiff's Florida Deceptive and Unfair Trade Practices Act claim [2]

As Plaintiff's claims for fraud and negligent misrepresentation against Defendants are barred by the economic loss rule, the sole state claim remaining against the Defendants is contained in Count III; a claim pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et. seq.* Defendant argues that Plaintiff cannot proceed on this claim, as it is simply a reallegation of his failed tort claims. Alternatively, Defendant Amoco asserts that Plaintiff's signing of a contract whose terms expressly contradicted the alleged misrepresentations on which he relied bars him from seeking relief pursuant to FDUTPA, as he acted unreasonably. *See Millennium Communications & Fulfillment, Inc. v. Office of the Attorney General*, 761 So.2d 1256, 1263 (Fla. 3d DCA 2000). This is Defendants' most compelling argument. A party has no right to rely upon alleged oral misrepresentations that are adequately covered and expressly contradicted in a later written contract. *Hillcrest Pacific Corp. v. Yamamura*, 727 So.2d 1053, 1056 (Fla. 4th DCA 1999). Plaintiff's reliance upon oral statements

---

**2.** Plaintiff's statutory cause of action under FDUTPA is not barred by the economic loss rule. *See Delgado v. J.W. Courtesy Pontiac GMC–Truck, Inc.*, 693 So.2d 602 (Fla. 2d DCA 1997); *Comptech Int'l Inc. v. Milam Commerce Park*, 753 So.2d 1219 (Fla.1999).

which were at variance with the written documents were not reasonable as a matter of law. Accordingly, Plaintiff's FDUTPA claim must be dismissed.

### Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss is **GRANTED**. The Clerk of the Court is directed to mark this case as **CLOSED**. All pending motions not otherwise ruled upon are **DENIED** as moot.