849 So.2d 1099 (2003)
H & J PAVING OF FLORIDA, INC., et al., Appellants,
v.
NEXTEL, INC., et al., Appellees.
No. 3D02-1178.
District Court of Appeal of Florida, Third District.
May 21, 2003.
Rehearing and/or Clarification Denied July 18, 2003.
*1100 Daniels, Kashtan, Downs, & Oramas, Coral Gables; Lucio, Bronstein, Garbett, Stiphany & Allen; and Jay M. Levy, Miami, for appellants.
Amy D. Ronner and Alice G. Hector, Miami, for appellees.
Before COPE, GODERICH and RAMIREZ, JJ.
GODERICH, Judge.
The plaintiffs, H & J Paving of Florida, Inc. [H & J] and Asphalt Construction of Palm Beach, Inc. [Asphalt], appeal from an adverse final summary judgment entered in favor of the defendants, Nextel Communications, Inc. et al. [Nextel], and from an order striking Asphalt and H & J as class representatives. We affirm, in part, reverse, in part, and remand for further proceedings.
Asphalt and H & J filed a third amended class representation complaint [complaint] against Nextel alleging that H & J and Asphalt bought from Nextel either an analog radio communication system, an add-on radio, or service for analog radios. However, prior to making these purchases, Nextel did not inform them that it would be discontinuing analog service in the area in the immediate future, thereby rendering their equipment useless and obsolete. The plaintiffs also alleged that they were adequate class representatives. In Count I, H & J alleged a cause of action pursuant to the Florida Deceptive and Unfair Trade Practice Act, § 501.201, et seq., Fla. Stat. (1995) [FDUTPA]. In Count II, Asphalt alleged a claim for breach of contract.
Based on H & J invoking its Fifth Amendment privilege against self-incrimination, the trial court struck H & J as class representative and dismissed its class claims with prejudice, but allowed H & J's individual claims to proceed. Nextel then moved to strike H & J's individual claims arguing that H & J did not sustain any injuries because H & J's account with Nextel had been disconnected for nonpayment prior to the discontinuation of analog service and that H & J no longer needed the equipment because H & J went out of business. The trial court granted the motion.
Thereafter, H & J moved for reinstatement as class representative alleging that the criminal matter that required it to assert its Fifth Amendment privilege had been resolved, and therefore, it was able to give full discovery. The trial court denied the motion.
Nextel also renewed a prior motion for summary judgment as to Asphalt arguing *1101 that Asphalt had no contract with Nextel. Nextel also moved to strike Asphalt as class representative arguing that Asphalt lacked the requisite typicality and commonality because Nextel had unique defenses applicable only to Asphalt.
At the hearing, affidavits and depositions were introduced. Thereafter, the trial court granted the motion to strike Asphalt as class representative, but denied the motion for summary judgment. The parties filed motions for rehearing and/or reconsideration. Following a hearing, the trial court also granted final summary judgment against Asphalt. This appeal follows.
First, contrary to H & J and Asphalt's assertion, we find that the trial court acted within its discretion by striking them as class representatives. See Fla. R. Civ. P. 1.220(a); Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir.1998)(holding that trial court may consider "honesty and trustworthiness of the named plaintiff" to judge the adequacy of representation); Weinstein v. American Biomaterials Corp., 123 F.R.D. 442, 444 (S.D.N.Y.1988)(holding that "serious credibility problems" a factor in determining whether plaintiff can "fairly and adequately protect the interests of the class."); Broin v. Philip Morris Cos., 641 So.2d 888, 889 (Fla. 3d DCA 1994)(holding that in class action, the claim or defense of the representative party must be typical of the claim or defense of each member of the class).
Next, H & J and Asphalt contend that the trial court erred by granting final summary judgment in favor of Nextel as to their individual claims. We agree.
The trial court, without addressing whether Nextel's actions constituted a violation of FDUTPA or a breach of contract, granted final summary judgment in favor of Nextel based on its conclusion that H & J suffered no damages and that Asphalt did not have a contract with Nextel. Contrary to the trial court's findings, these issues of fact were in dispute. Nextel presented the affidavit of one of its Research Analysts indicating that service was disconnected due to nonpayment. However, H & J presented the affidavit of one of its secretaries indicating that she spoke to a Nextel representative who told her that H & J's service would not be reinstated because 800 Megahertz analog service would no longer be provided by Nextel. As to Asphalt, the record indicates that Asphalt purchased the add-on radio from either Nextel or from American Mobile Services [AMS], a company which was acquired from Nextel prior to the purchase of the add-on radio, and that Asphalt would not have purchased the add-on radio had it known that Nextel would be terminating analog service. As such, the trial court erred by granting final summary judgment in favor of Nextel. Therefore, this matter is reversed and remanded for further proceedings.
Upon remand, the trial court, however, is to apply the correct measure of damages. In the instant action it is irrelevant that Nextel may have cancelled H & J's service for lack of payment or that H & J went out of business, because in a FDUTPA action,
the measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties. A notable exception to the rule may exist when the product is rendered valueless as a result of the defectthen the purchase price is the appropriate measure of actual damages.
Rollins, Inc. v. Heller, 454 So.2d 580, 585 (Fla. 3d DCA 1984)(quoting Raye v. Fred Oakley Motors, Inc., 646 S.W.2d 288, 290 *1102 (Tex.App.1983)) (citations omitted); see Coghlan v. Wellcraft Marine Corp., 240 F.3d 449, 453 (5th Cir.2001)(holding that the measure of damages in FDUPTA actions is "the value of the product as promised minus the value of the product delivered."); Urling v. Helms Exterminators, Inc., 468 So.2d 451 (Fla. 1st DCA 1985).[1] In the light most favorable to H & J and Asphalt, the record on appeal indicates that when the analog radio communication system and the add-on radio were delivered, H & J and Asphalt were told that these products would be functional for approximately eight years. Under such a scenario, the correct measure of damages, as to both H & J and Asphalt, would be the value of the products at the time of sale based upon a useful life of approximately eight years and the value of the product which would become obsolete within a few years.
Affirmed, in part, reversed, in part, and remanded with directions.
NOTES
[1] Even if H & J went out of business or its service was disconnected for nonpayment, H & J could have attempted to resell the analog radio communication system which it originally purchased for approximately $25,000.00.