921 So.2d 20 (2006)
TRI-COUNTY PLUMBING SERVICES, INC., etc., Appellant/Cross-Appellee,
v.
Betty Elizabeth BROWN, Appellee/Cross-Appellant.
No. 3D03-3247.
District Court of Appeal of Florida, Third District.
January 18, 2006.
Rehearing Denied March 7, 2006.
*21 Bradshaw Lotspeich, Miami Beach; Randall L. Gilbert, Miami, and Elizabeth Goings and Ronald E. Kaufman, for appellant/cross-appellee.
John G. Crabtree, Key Biscayne; Jeffrey A. Norkin; John S. Mills, Jacksonville, and Rebecca Bowen Creed, for appellee/cross-appellant.
Before SUAREZ and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Tri-County Plumbing Services, Inc. ("Tri-County") appeals the trial court's award of damages under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Betty Elizabeth Brown ("Brown") cross-appeals the trial court's denial of damages for breach of contract. We affirm on the appeal and cross-appeal.
Tri-County contends that the trial court incorrectly calculated damages under the FDUTPA because Brown paid another contractor to complete the work for an amount less than she would have paid Tri-County to perform the contract in full. Brown asserts that the court properly calculated FDUTPA damages, and contends on cross-appeal that it should have awarded her damages for breach of contract.
Brown contracted Tri-County to complete plumbing work at her home for $2,076.75. Tri-County pulled a permit and completed the work. Brown paid in full. The work uncovered more plumbing problems and the job failed inspection. Brown called back Tri-County which quoted $12,916.32 for additional repairs, and told Brown that no other contractor could complete the work because Tri-County pulled the permit. Brown signed a second contract with Tri-County and paid a $6,500 deposit. During work, Tri-County discovered a water main defect and requested $4,000 more. Brown refused and Tri-County walked off the job. Tri-County left Brown without running water, holes in her walls and floor, and a trench dug around her house.
Brown paid a neighbor to fill in the trench and to repair some of the holes. She contracted MG Plumbing ("MG") to complete the work covered under the first and second contracts, including repairs to the water main, for $2,380.
After a bench trial, the court found that Tri-County breached the contracts and violated FDUTPA. It awarded Brown her $6,500 deposit as actual damages on the FDUTPA claim and no damages for her breach of contract claim, and reserved jurisdiction to consider costs and fees.
*22 The trial court did not err in calculating damages. The FDUTPA provides for an award of actual damages. The correct measure of actual damages under the FDUTPA is
the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties. A notable exception to the rule may exist when the product is rendered valueless as a result of the defect  then the purchase price is the appropriate measure of actual damages.
H & J Paving v. Nextel, 849 So.2d 1099, 1101 (Fla. 3d DCA 2003) (quoting Rollins, Inc. v. Heller, 454 So.2d 580, 585 (Fla. 3d DCA 1984)) (emphasis added).
Here, the trial court correctly returned Brown's deposit as actual damages because Tri-County's incomplete work was valueless to her or to MG in completing the work. H & J Paving v. Nextel, 849 So.2d at 1102. Nor did the court err by finding that Brown failed to demonstrate breach of contract damages. The court awarded her the refund of her deposit ($6,500) as FDUTPA damages and she obtained completion of the work by MG at a reasonable price and under the amount quoted by Tri-County. Therefore, she suffered no damages for the breach. Marshall v. Karl F. Schultz, Inc., 438 So.2d 533 (Fla. 2d DCA 1983) (the appropriate measure of damages for breach where a contractor abandons work is the difference between the contract price and reasonable cost to complete the improvement). We therefore affirm the trial court's disposition of this case in full.
Affirmed.