GROSS, C.J.,
concurring specially.
I agree with the majority’s conclusion that the judgment in favor of the Dorestins on the FDUTPA claim must be reversed because the claim on which they recovered was never pled as one of the deceptive acts Maroone committed. However, the majority cites to two lines of Florida cases which, in my view, have improperly limited FDUTPA; in the right case, we should recede from those of our cases that have followed such authority and adopt an interpretation of the statute that carries out the legislature’s intent in passing this consumer protection legislation.
I

The Line of Cases Following Rollins, Inc. v. Heller, 454 So.2d 580 (Fla. 3d DCA 1984), Improperly Limits Recoverable Damages Under FDUTPA

To define recoverable “actual damages” within the meaning of section 501.211(2), Florida Statutes (2008), Florida case law has adopted the definition of Rollins, Inc. v. Heller, 454 So.2d 580 (Fla. 3d DCA 1984), which limits “actual damages” to *826 “benefit of the bargain” damages. This limitation is contrary to the legislative intent of FDUTPA, which is to liberally construe the statute to protect the consuming public, and contrary to the way many state courts have construed identical language in similar consumer protection statutes.

The FDUTPA Statutory Framework

Subsection 501.204(1), Florida Statutes (2008), declares the following to be unlawful: “[ujnfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.” In construing this subsection, “great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2006.” § 501.204(2), Fla. Stat. (2008). Similarly, to determine whether a “violation of this part”[3] has occurred, a court may look to rules promulgated “pursuant to the Federal Trade Commission Act” and the “standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts.” § 501.203(3), Fla. Stat. (2008).
According to the legislature, FDUTPA “shall be construed liberally to promote the following policies”:
(1) To simplify, clarify, and modernize the law governing consumer protection, unfair methods of competition, and unconscionable, deceptive, and unfair trade practices.
(2) To protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.
(3)To make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.
§ 501.202, Fla. Stat. (2008).
Part of the “liberal” construction required by the statute is to construe statutory damage remedies in a way that makes consumers whole. The section of FDUT-PA that addresses a consumer’s damage remedy is subsection 501.211(2). Under that provision, a “person who has suffered a loss as a result of a violation of’ FDUT-PA “may recover actual damages.” Id. A statutory limitation on such “actual” damages is that FDUTPA “does not apply to ... [a] claim for personal injury or death or a claim for damage to property other than the property that is the subject of the consumer transaction.” § 501.212(3), Fla. Stat. (2008). FDUTPA does not define “actual damages.”
Rollins, Inc. v. Heller Narrowly Defines “Actual Damages ”
In Heller, the third district adopted a definition of “actual damages” that narrowly focused on the cost of the service that was the subject of the FDUTPA violation in that case. Heller involved a deceptive and unfair trade practice in connection with the installation and servicing of a burglar alarm system. 454 So.2d at 582. The system did not work at the time of a burglary and the trial court ordered $128,487 in “compensatory damages ... based upon the value of the unrecovered stolen items.” Id. The third district reversed this damage award. Id. Although it acknowledged the Texas Supreme Court’s holding that “actual damages are those damages recoverable at common *827 law,” the third district nonetheless adopted a narrower definition of “actual damages” from an intermediate Texas appellate court which interpreted a statute “similar” to FDUTPA:
Generally, the measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties, [citations omitted] A notable exception to the rule may exist when the product is rendered valueless as a result of the defect — then the purchase price is the appropriate measure of actual damages, [citation omitted]
Id. at 585 (alteration in original) (quoting Raye v. Fred Oakley Motors, Inc., 646 S.W.2d 288, 290 (Tex.App.1983)). This “benefit of the bargain” measure of damages “utilizes an expectancy theory, evaluating] the difference between the value as represented and the value actually received.” Henry S. Miller Co. v. Bynum, 836 S.W.2d 160, 163 (Tex.1992) (Phillips, C.J., concurring).
Since Heller, Florida courts have used the test lifted from Raye as the definition of “actual damages” under section 501.211(2).[4] For example, Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati, 715 So.2d 311 (Fla. 4th DCA 1998), involved a car dealer who sold the plaintiff a used BMW with the false representation that the car had never been in an accident. Id. at 312. The trial court awarded the plaintiff damages that attempted to accomplish restitution by restoring the status quo. Id. at 313. Reversing for a new trial on damages, we applied the Heller definition of actual damages, and noted that the plaintiff “failed to sustain his burden of demonstrating the market value of the car [at issue], a limited production vehicle, in its diminished value, assuming an accident, in order for the trial court to ascertain his actual damages.” Id. at 314.
Applying Heller, Florida courts have held that “actual damages” under FDUT-PA do not include “consequential,”[5] “special,” [6] or “incidental”[7] damages. See But- *828 land, 951 So.2d at 869-70 (stating that “[f]or purposes of recovery under FDUT-PA, ‘actual damages’ do not include consequential damages”); City First Mortg. Corp. v. Barton, 988 So.2d 82, 86 (Fla. 4th DCA 2008) (stating that FDUTPA “provides for recovery only of ‘actual damages,’ which cannot include consequential or special damages”); 2001 S. Dixie Hwy., Inc., 872 So.2d at 994 (indicating that “actual damages” under FDUTPA do “not include ‘actual consequential’ damages”); Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 263 (Fla. 2d DCA 2004) (observing that “special, consequential, and incidental damages” are “not available under FDUT-PA”).
Heller’s Narrow Definition of “Actual Damages” Is Contrary to the Legislative Intent of FDUTPA Favoring Liberal Construction
Heller’s narrow, “benefit of the bargain” definition of “actual damages” is contrary to the view that FDUTPA should be liberally construed to achieve its goals. The “obvious purpose” of FDUTPA “is to make consumers whole for losses caused by fraudulent consumer practices.” LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534, 536 (Fla. 5th DCA 1982) (quoting Marshall v. W & L Enters. Corp., 360 So.2d 1147, 1148 (Fla. 1st DCA 1978), disapproved on other grounds, Hubbel v. Aetna Cas. & Sur. Co., 758 So.2d 94 (Fla 2000)). Limitation of FDUTPA “actual damages” to Heller “benefit of the bargain” damages does not, in all cases, fully compensate injured consumers for losses caused by a deceptive trade practice. As the Ninth Circuit has explained, using the example of a dishonest rhinestone merchant, to curtail remedies for dishonest trade practices is contrary to the purpose of consumer protections statutes, which is to restore the victim to the status quo:
Customers who purchased rhinestones sold as diamonds should have the opportunity to get all of their money back. We would not limit their recovery to the difference between what they paid and a fair price for rhinestones. The seller’s misrepresentations tainted the customers’ purchasing decisions. If they had been told the truth, perhaps they would not have bought rhinestones at all or only some. The fraud in the selling, not the value of the thing sold, is what entitles consumers in this case to full refunds or to refunds for each detector that is not useful to them.
Fed. Trade Comm’n v. Figgie Int’l, Inc., 994 F.2d 595, 606 (9th Cir.1993) (involving a cause brought under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45).
Courts in other states have not followed Florida’s lead and limited the definition of “actual damages” in consumer protection statutes analogous to FDUTPA. In fact, although Heller relied on Texas law to fashion its narrow damage remedy, Texas does not limit “actual damages” under its Deceptive Trade Practices Act to the single formulation drawn from Raye. Rather, Texas recognizes that “[ajctual damages” under the Texas Deceptive Trade Practices Act[8] “means those recoverable at common law.” Brown v. Am. Transfer & Storage Co., 601 S.W.2d 931, 939 (Tex.1980). Thus, after Raye, the Texas Supreme Court held that “actual damages” under the Texas Deceptive Trade Prac *829 tices Act is broader than the benefit of the bargain measure announced in Raye:
However, the DTPA [Deceptive Trade Practices Act] allows recovery for actual damages. Tex. Bus & Com.Code § 17.50(b)(1). This court has defined actual damages under the DTPA as “the total loss sustained [by the consumer] as a result of the deceptive trade practice.” Kish v. Van Note, 692 S.W.2d 463, 466 (Tex.1985); Smith v. Baldwin, 611 S.W.2d 611, 617 (Tex.1981). Actual damages “includ[e] related and reasonably necessary expenses.” Kish, 692 S.W.2d at 466; see also David F. Bragg, Philip K. Maxwell, Joe K. Longley, Texas Consumer Litigation § 8.03 (2d ed. 1983 & Supp. 1992). Therefore, such direct measures as “benefit-of-the-bargain” and “out-of-pocket” are not exclusive. We have permitted other damages to ensure that the plaintiff is made whole. See Kish, 692 S.W.2d at 466-68 (damages for removing defective product); White v. Southwestern Bell Telephone Co., 651 S.W.2d 260 (Tex.1983) (lost profits); Smith v. Baldwin, 611 S.W.2d 611, 617 (Tex.1981) (interest on indebtedness); see also Mead v. Johnson Group, Inc., 615 S.W.2d 685, 687 (Tex.1981) (loss of credit); Village Mobile Homes, Inc. v. Porter, 716 S.W.2d 543 (Tex.App.-Austin 1986, writ refd n.r.e.) (loss for improvements made).
Henry S. Miller Co., 836 S.W.2d at 162 (footnotes omitted).
Like Texas, other states with consumer protection statutes similar to Florida’s have not limited “actual damages” to “benefit of bargain” damages. For example, the Washington Supreme Court has held that “damage to business reputation and loss of goodwill are compensable damages” under Washington’s consumer protection act.[9] Wash. State Physicians Ins. Exch. & Ass’n v. Fisons Corp., 122 Wash.2d 299, 858 P.2d 1054, 1063 (1993). Other state courts have also found that there is no exclusive damage calculation available to consumers under state consumer protection statutes. See, e.g., Elliott v. Staron, 46 Conn.Supp. 38, 735 A.2d 902, 910-11 (1997) (court held that under Connecticut Unfair Trade Practices Act[10] plaintiffs were entitled to “actual damages,” which are “appropriately and fully represented by the plaintiffs’ recovery of lost profits”), aff'd, 54 Conn.App. 632, 736 A.2d 196 (1999); Taylor v. Medenica, 324 S.C. 200, 479 S.E.2d 35, 45 (1996) (“Actual damages [under the state’s unfair trade practices act[11]] include special or consequential damages which are the natural and proximate result of the deceptive conduct” (citations omitted)); see also Avery v. Indus. Mortg. Co., 135 F.Supp.2d 840 (W.D.Mich.2001) (applying Michigan law and holding that “actual damages” under the Michigan Consumer Protection Act[12] include non-economic compensatory damages such as mental distress).
Interestingly, when the Florida Supreme Court has defined the term “actual damages” in a context that, unlike FDUT-PA, did not call for a liberal interpretation of the term, the Court has found that “actual damages” are synonymous with “compensatory damages.” In Ross v. *830 Gore, 48 So.2d 412 (Fla.1950), the Supreme Court construed a libel statute[13] which allowed the recovery of “only actual damages”:
As to the provision limiting the plaintiff to the recovery of ‘actual damages,’ it will be noted that the statute does not define this term, nor have we been able to find a case in which this court has specified, categorically, the elements included in the term ‘actual damages.’ Since it is used synonymously with ‘compensatory damages’ in many of our decided cases, we think it is fair to assume that ‘actual damages’ mean ‘compensatory damages.’
Id. at 414. “Actual or compensatory damages are those amounts necessary to compensate adequately an injured party for losses sustained as the result of a defendant’s wrongful or negligent actions.” Bidon v. Dep’t of Prof'l Regulation, Fla. Real Estate Comm’n, 596 So.2d 450, 452 (Fla.1992) (citation omitted). The purpose of actual or compensatory damages is to provide “fair and just compensation commensurate with the loss sustained in consequence of the defendant’s act which give rise to the action.” Hanna v. Martin, 49 So.2d 585, 587 (Fla.1951). Many types of damages fit under the umbrella of “actual” or “compensatory” damages, beyond benefit of the bargain damages.[14] For example the Supreme Court has written that “[cjompensatory damages are defined as such as arise from actual and indirect pecuniary loss, mental suffering, value of time, actual expenses, and bodily pain and suffering.” Margaret Ann Super Mkts., Inc. v. Dent, 64 So.2d 291, 292 (Fla.1953) (quoting Smith v. Bagwell, 19 Fla. 117 (1882)). The Supreme Court’s interpretation of the term “actual damages” as being synonymous with “compensatory damages” suggests that Heller’s limitation on the term is inappropriate, especially when the term appears in a statute that is to be liberally construed to provide a genuine remedy to an injured consumer.
By adhering to the benefit of the bargain measure of actual damages injected into Florida law by Rollins, this court has strayed from the intent of the legislature that FDUTPA be liberally construed to protect the consumer. Enforcing a broader definition of “actual damages” would bring Florida law into conformity with the national consensus on the definition of “actual damages” in state consumer protection statutes similar to Florida’s. Most importantly, by rectifying an erroneous interpretation of actual damages, this court will ensure that consumers have the full protection intended under FDUTPA.
II
The majority opinion references a second line of cases that improperly limits the scope of the FDUTPA remedy for a consumer by transplanting common law fraud principles into a FDUTPA analysis.
The majority opinion states that a “FDUTPA claim cannot be stated based upon oral representations which are in contradiction of written terms of a contract, because reliance on such representa *831 tions is unreasonable as a matter of law.” As authority for that legal proposition, the opinion cites Mac-Gray Services, Inc. v. DeGeorge, 913 So.2d 630, 634 (Fla. 4th DCA 2005). Without discussion or analysis, Mac-Gray adopted that principle from Rosa v. Amoco Oil Co., 262 F.Supp.2d 1364, 1368-69 (S.D.Fla.2003). To a FDUTPA claim, Rosa applied the legal principle that “[a] party has no right to rely upon alleged oral misrepresentations that are adequately covered and expressly contradicted in a later written contract.” Id. at 1368. To support that statement of law, Rosa cited Hillcrest Pacific Corp. v. Yamamura, 727 So.2d 1053, 1056 (Fla. 4th DCA 1999). Rosa, 262 F.Supp.2d at 1368.
The problem with Rosa’s reliance on Hillcrest is that Hillcrest did not involve a FDUTPA claim; it involved a cause of action for fraud in the inducement. 727 So.2d at 1056. Without any consideration of the public policy behind FDUTPA, Rosa summarily inserted a fraud concept into the law of this consumer protection statute. This application of fraud principles to a FDUTPA claim improperly constricts the broad remedy intended by the legislature.
One of the reasons that consumer protection statutes like FDUTPA were passed was that the common law claim for fraud did not adequately provide a remedy for all the deceptive practices that victimized consumers. As the Texas Supreme Court has recognized for a statute almost identical to FDUTPA,[15] such consumer protection acts do
not represent a codification of the common law. A primary purpose of the enactment of the [Texas Deceptive Trade Practices Act] was to provide consumers a cause of action for deceptive trade practices without the burden of proof and numerous defenses encountered in a common law fraud or breach of warranty suit.
Smith v. Baldwin, 611 S.W.2d 611, 616 (Tex.1980) (citations omitted). One of the common defenses to a fraudulent inducement claim is that the plaintiff did not reasonably rely on a misrepresentation of material fact. This fraud concept is the basis of the rule that Mac-Gray and Rosa applied to FDUTPA claims. Yet, “reasonable reliance” has no place in a FDUTPA case. As the first district has observed,
[a] deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue.
State, Office of Att’y Gen. Dep’t of Legal Affairs v. Wyndham Int’l, Inc., 869 So.2d 592, 598 (Fla. 1st DCA 2004) (citation omitted). An aggrieved party may thus establish a FDUTPA violation under section 501.211(1) without showing actual reliance on the misconduct that amounted to a statutory violation.
A second problem with Mac-Gray and Rosa is that the cases narrowly focus on the contradictions between oral representations and a written contract. To decide whether a FDUTPA violation has occurred, a fact finder must evaluate an entire consumer transaction, taking into consideration all of the parties’ dealings, including oral promises and a later written contract.
*832 The legislature passed FDUTPA with the purpose of expanding the protections afforded to consumers. The statute seeks to “protect the consuming public” by broadly prohibiting, inter alia, “unfair or deceptive acts or practices in the conduct of any trade or commerce.” §§ 501.202(2), 501.204(1), Fla. Stat. (2008). “[A] deceptive practice is one that is likely to mislead consumers, and an unfair practice is one that offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.” Bookworld Trade, Inc. v. Daughters of St Paul, Inc., 532 F.Supp.2d 1350, 1364 (M.D.Fla.2007) (citation omitted) (internal quotations omitted).
Because the statute is designed to protect consumers, the scope of the conduct that may constitute an “unfair or deceptive” practice is “extremely broad.” Day v. Le-Jo Enters., Inc., 521 So.2d 175, 177 (Fla. 3d DCA 1988). A “claim under FDUTPA is not defined by the express terms of a contract, but instead encompasses unfair and deceptive practices arising out of business relationships,” including oral representations and misrepresentations that precede the execution of a contract. Siever v. BWGaskets, Inc., 669 F.Supp.2d 1286, 1293 (M.D.Fla.2009). Although the express terms of a contract shed light upon the course of the business dealings that may give rise to a claim under FDUTPA, they are not dis-positive. “[Djeception [under FDUTPA] occurs if there is a ‘representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer’s detriment.’ ” PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So.2d 773, 777 (Fla.2003) (quoting Millennium Commc’ns & Fulfillment, Inc. v. Office of the Attorney Gen., 761 So.2d 1256, 1263 (Fla. 3d DCA 2000)).
Applying these principles, a contradiction between oral representations and a written contract, which is dispositive of a claim under Rosa and Mac-Gray, should be but one factor that is taken into consideration in deciding whether a FDUTPA violation has occurred. A FDUTPA claim may rest on “extra- and pre-contractual statements; neither the merger doctrine nor the parol evidence rule serves to exclude such statements, either from evidence or as the basis of the claim.” Bakhico Co., Ltd. v. Shasta Beverages, Inc., No. Civ.A.3:94-CV-1780-H, 1998 WL 25572 at *7 (N.D.Tex. Jan. 15, 1998) (discussing Texas Deceptive Trade Practices Act).
A Texas court confronted the Rosa/Mac-Gray fact pattern in JMB Income Properties, Ltd.-X v. Big Al’s, Inc., No. 05-91-00063-CV, 1992 WL 48143 at *4 (Tex.App. Mar. 16, 1992). There, the Court of Appeals for Dallas addressed a Deceptive Trade Practices Act claim based upon oral representations that contradicted the written terms of a contract. Id. at *1. Noting that the defendant did not breach the written terms of the lease agreement, the court permitted the DTPA claim based on the defendant’s actions contrary to its oral representation. Id. at ⅜4. The court held:
A party cannot avoid liability under the DTPA by entering into a contract concerning the same subject matter which contains provisions inconsistent with a prior representation. It is the oral representation that forms the basis of the DTPA action.
Id. at *4 (citations omitted).
In the right case, we should recede from Mac-Gray.

. Part II of Chapter 501, Florida Statutes (2008), is the Florida Deceptive and Unfair Trade Practices Act. See § 501.201, Fla. Stat. (2008).

.Urling v. Helms Exterminators, Inc., 468 So.2d 451 (Fla. 1st DCA 1985) (denying, as special or consequential damages, repair costs for termite damage to house purchased in reliance on false termite inspection certificate); Rodriguez v. Recovery Performance & Marine, LLC, 38 So.3d 178, 178-81 (Fla. 3d DCA 2010) (denying recovery of down payment and loan payments towards purchase of jet boat as outside the actual damage measure of the market value of the jet boat); Rollins, Inc. v. Butland, 951 So.2d 860, 869, 873 (Fla. 2d DCA 2006) (denying class-wide proof of damages where some members could only prove nominal damages); Tri-County Plumbing Servs., Inc. v. Brown, 921 So.2d 20, 22 (Fla. 3d DCA 2006) (plaintiff awarded purchase price under Heller exception where her plumbing was "rendered valueless” due to defendant walking off the job); Collins v. DaimlerChrysler Corp., 894 So.2d 988, 990 (Fla. 5th DCA 2005) (diminution of car value due to defective seatbelts is adequate actual damage to sustain a cause of action under FDUT-PA); H & J Paving of Fla., Inc. v. Nextel, Inc., 849 So.2d 1099 (Fla. 3d DCA 2003) (where defendant did not inform plaintiff it would be discontinuing radio service in the area, actual damages is difference between value of radio system at time of sale based on promised lifespan of eight years and value of system that would be obsolete within a few years); Smith v. 2001 S. Dixie Hwy., Inc., 872 So.2d 992, 994 (Fla. 4th DCA 2004) (loss of employment is an indirect and consequential result of a FDUTPA violation; therefore, reinstatement of employment is not an available remedy under the Act).

. "Consequential” or "special” damages are those "which do not necessarily result from the injury complained of or which the law does not imply as the result of that injury.” 17 Fla. Jur. 2d Damages § 140.

. See footnote 5, supra.

. "Incidental” damages are "costs incurred in a reasonable effort, whether successful or not, to avoid loss." Capitol Envtl. Servs., Inc. v. Earth Tech, Inc., 25 So.3d 593, 597 (Fla. 1st DCA 2009) (quoting Restatement (Second) Of Contracts § 347 cmt. c. (1981)).

. Tex. Bus. & Com.Code Ann. § 17.41 et seq.

.Section 19.86.090, Washington Revised Code, provides that a person injured by a violation of the Consumer Protection Act "may bring a civil action in superior court to enjoin further violations, to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee.” (Emphasis added).

. Conn. Gen. Stat. § 42-110a, et seq.

. S.C.Code Ann. § 39-5-140(a).

. Mich. Comp. Laws § 445.903(n), (bb).

. § 770.02(1), Fla. Stat. (2008) (providing that a plaintiff "shall recover only actual damages”).

. It is hornbook law that actual or compensatory damages are classified by the law as either general or special. See 17 Fla. Jur. 2d Damages § 8. General damages are those that directly and naturally flow from a wrongful act or omission, or are presumed by the law to have resulted therefrom. Id. "Special” or "consequential” damages are those that "do not necessarily, but do directly, naturally, and proximately result from” the injury for which compensation is sought. Moses v. Autuono, 56 Fla. 499, 47 So. 925, 926 (1908); see 17 Fla. Jur. 2d Damages § 140.

. The purpose and construction of the Texas Deceptive Trade Practices Act (DTPA) are similar to those of FDUTPA. See Tex. Bus. & Com.Code Ann. § 17.44 (West 2004). The definition of unlawful acts and practices under FDUTPA and the DTPA are also alike. Compare § 501.204, Fla. Stat. (2004), with Tex. Bus. & Com.Code Ann. § 17.46 (West 2004).