ON MOTION FOR REHEARING

STEVENSON, J.
We grant appellee’s motion for rehearing, withdraw our prior opinion filed in this case on March 3, 2004, and affirm the order of the trial court which dismissed appellant’s complaint with prejudice.
Jennifer Smith appeals an order of the trial court dismissing her complaint with prejudice for failure to state a cause of action against City Mazda under Florida’s Deceptive and Unfair Trade Practices Act (“FDUTPA”). Because a proper cause of action for a violation of FDUTPA was not pled within the four corners of Smith’s complaint, we affirm.
The essential facts are framed by the allegations in the complaint, which must be accepted as true for purposes of the motion to dismiss. See Sovran Bank, N.A. v. Parsons, 547 So.2d 1044 (Fla. 4th DCA 1989). Smith was employed by City Mazda and its predecessor company for thirteen years. Smith attempted to purchase a used car from City Mazda at a discount, but was told that the discount would apply only to the purchase of a new vehicle. Smith then purchased a used Mazda from one of City Mazda’s competitors. Thereafter, Smith was summarily terminated by City Mazda because she purchased a vehicle from another dealership.
Smith alleged that City Mazda violated FDUTPA by violating section 448.03, Florida Statutes, which prohibits an employer from discharging an employee for trading or dealing with any particular merchant, or for not trading or dealing with any particular merchant. Smith sought injunctive relief and other legal and equitable damages. City Mazda filed a motion to dismiss, arguing that Smith’s complaint “in essence, asserts a claim for damages for wrongful termination, under the guise of a claimed violation of the Florida Deceptive and Unfair Trade Practices Act.” Ultimately, the trial court granted City Mazda’s motion and dismissed the complaint with prejudice.
The Florida Deceptive and Unfair Trade Practices Act (FDUTPA), sections 501.201-.213, Florida Statutes (2002), provides a civil cause of action for “[ujnfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.” § 501.204(1), Fla. *994 Stat. A violation of FDUTPA may be based upon “[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.” § 501.203(3)(c). Smith alleges that City Mazda violated section 448.03, which proscribes an unfair method of competition or an unfair or unconscionable act or practice. Section 448.03 provides in part that:
Any person or persons, firm, joint stock company, association or corporation ... having persons in their service as employees, who shall discharge any employee or threaten to discharge any employee in their service for trading or dealing, or for not trading or dealing as a customer or patron with any particular merchant ... shall be guilty of a misdemeanor of the first degree....
We conclude that the trial court was correct in dismissing appellant’s complaint because appellant did not allege a recoverable loss under the statute and, therefore, failed to state a cause of action. The essence of appellant’s demand for recovery under her complaint is clearly to seek reinstatement in her employment and the recovery of monetary damages related to the loss of her employment. FDUTPA authorizes a person “who has suffered a loss” as a consequence of a violation of the statute to recover “actual damages.” See § 501.211(2). In the context of FDUTPA, “actual damages” have been defined as “ ‘the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.’ ” Rollins, Inc. v. Heller, 454 So.2d 580, 585 (Fla. 3d DCA 1984)(quoting Raye v. Fred Oakley Motors Inc., 646 S.W.2d 288, 290 (Tex.Ct.App.1983)). Actual damages, as pertaining to FDUTPA, does not include “actual consequential” damages. See Orkin Exterminating Co. v. DelGuid-ice, 790 So.2d 1158, 1162 (Fla. 5th DCA 2001), review denied, 821 So.2d 294 (Fla. 2002); Urling v. Helms Exterminators, Inc., 468 So.2d 451, 454 (Fla. 1st DCA 1985)(holding that FDUTPA allows recovery for diminished value of goods received but does not authorize recovery of special or consequential damages).
Although Smith is asking for injunctive relief, which is authorized under section 501.211(1), the relief she requests here is reinstatement to her employment position. The loss of her employment is an indirect and “consequential” result of the employer’s alleged violation of the statute — which was to require City Mazda’s employees to purchase vehicles from City Mazda. The proper injunctive relief under the statute would be to enjoin the violation. In addition, appellant could potentially have sought monetary damages in relation to the value of the vehicle she actually purchased. Nevertheless, these proper elements of damages were not sought in the complaint and appellant declined the trial judge’s invitation to amend, instead requesting dismissal with prejudice.
Accordingly, the judgment on review dismissing appellant’s complaint with prejudice is affirmed.
STONE and WARNER, JJ., concur.