LEVINE, J.
This appeal presents the question of whether a minority shareholder could pursue as a direct action a claim for breach of *840 fiduciary duty against the majority shareholders of a closely held corporation or whether, as the trial court concluded, he was required to file a derivative action. We find that, based on the facts in this case, the appellant was required to utilize a shareholder’s derivative action to pursue his cause of action.[1]
The appellant, Karten, and appellees, Woltin and Karmin, were shareholders in 201 East Atlantic, Inc., which owned and operated a restaurant, Louie Louie Too. The appellant owned 25% of the stock and the appellees, Woltin and Karmin, owned 50% and 25%, respectively. In June 2006, the appellant brought an action for breach of fiduciary duty against the appellees. This complaint alleged that the appellees combined their ownership interests to control the corporation and deprive the appellant of profits.
Specifically, the appellant alleged that in 1999 the appellees opened a competing bar and restaurant without offering the appellant an opportunity to be part of the ownership of the new business venture. The appellant asserted that corporation assets were diverted to the rival restaurant and bar and that he was prevented from performing his duties as director and officer of the corporation, such as being barred from entering the premises of Louie Louie Too. The appellant further claimed that the appellees voted at a shareholder meeting to “deprive” the appellant of profits of the corporation and pay appellee, Woltin, an unauthorized and excessive salary. The appellant claimed that he was the only shareholder who was damaged by the ap-pellees’ actions.
The appellees moved for summary judgment, asserting that the appellant’s cause of action could be brought only as a shareholder’s derivative action pursuant to section 607.07401, Florida Statutes, and that the appellant was prevented from proceeding in an individual direct action, since the appellant failed to allege injuries separate and distinct from those suffered by all other shareholders. The court granted summary judgment, finding that the allegations must be brought as a derivative claim under section 607.07401 and that the appellant’s allegations did not set forth any unique facts of a direct loss to the appellant.
The standard of review of an order granting summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
The only issue on appeal is whether the appellant may bring a direct action to pursue his claim for breach of fiduciary duty, or whether he is required to bring a derivative action. “Generally, a shareholder cannot sue in the shareholder’s name for injuries to a corporation unless there is a special duty between the wrongdoer and the shareholder, and the shareholder has suffered an injury separate and distinct from that suffered by other shareholders.” Braun v. Buyers Choice Mortgage Corp., 851 So.2d 199, 203 (Fla. 4th DCA 2003). Shareholders may bring a direct suit only “in their own right to redress an injury sustained directly by them individually.” Fort Pierce Corp. v. *841 Ivey, 671 So.2d 206, 207 (Fla. 4th DCA 1996).
We look to the body of the complaint to determine whether the injury is direct to the shareholder or to the corporation. Braun, 851 So.2d at 203. In Braun, this court found that “[t]he fact that [the shareholder] may have lost the value of his investment because [the corporation] went out of business is, at best, an indirect injury.” Id. This court also found that a “lost opportunity” to make money was a “direct injury” to the corporation, and such an injury equally affects all shareholders.[2] Id.
In Orlinsky v. Patraka, 971 So.2d 796 (Fla. 3d DCA 2007), the district court found that a 25.83% minority shareholder in a closely held corporation was required to file a shareholder derivative suit when alleging corporate waste. “A shareholder must file a derivative action for breach of fiduciary duty, claiming that the payment of excessive compensation constitutes corporate waste.” Id. at 801-02. Similarly, in the present case, the appellant is a 25% minority shareholder in a closely held corporation, also alleging excessive payment and other examples of mismanagement and waste.
None of the allegations of injuries and mismanagement cited by the appellant constitutes the type of individualized harm required to file a direct action and avoid the strictures of a derivative cause of action under section 607.07401. Any of the allegations would affect the relative value of all the shares owned by all the shareholders, of which the appellant is only a 25% owner.
Accordingly, we affirm the trial court’s granting of summary judgment.

Affirmed.

WARNER, J., and McCANN, JAMES W., Associate Judge, concur.

. In a related closed case, Karten v. 201 East Atlantic Investments, Inc., 974 So.2d 1079 (Fla. 4th DCA 2008), Karten brought a complaint against Woltin and Karmin and the corporation seeking an accounting and dissolution of the corporation. This court per cu-riam affirmed the opinion of the trial court that "[a]ny action seeking compensation from the Defendants on behalf of the Corporation should have been brought by Plaintiff as a Shareholder's Derivative Action pursuant to F.S. § 607.07401.” In the closed case, unlike the present case, the corporation was also included as a party-defendant.

. We decline appellant’s request that we adopt Delaware’s standard in determining whether the shareholder’s claim is direct or derivative, but note that even utilizing this standard, the appellant would not have demonstrated the requisite individualized harm to the suing stockholder. See Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031 (Del.2004).