LAGOA, J.
 

 The appellant, Marlene Rodriguez (“Rodriguez”), appeals from an order entering final summary judgment in favor of the defendant, Recovery Performance
 
 &
 
 Marine, LLC d/b/a Jet Ski of Miami, Inc./Fisherman’s Boat Group, Inc. (“Recovery”), on her single count complaint alleging a violation of the Florida Deceptive and Unfair Trade Practices Act, sections 501.201-.213, Florida Statutes (2009) (“FDUTPA”). Rodriguez also claims that the trial court erred in denying her corrected amended motion to amend complaint seeking to file a sixth amended complaint. For the following reasons, we affirm.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 Rodriguez filed a fifth amended complaint alleging one count of deceptive and unfair trade practice violations against Recovery. Rodriguez alleged that she purchased a 2005 Bombardier Sea Doo Sport-ster from Recovery on May 23, 2005, and that on May 28, 2005, she was “riding the subject jet-boat when suddenly and without warning the subject jet-boat began to burn and eventually sunk.” She claimed damages for the “down payment, payments on the loan, interest, [as well as] balance on the loan.... ”
 

 Recovery filed a motion for final summary judgment arguing, among other grounds, that Rodriguez was not entitled to recovery as a matter of law because she had not pled any damages that were recoverable under section 501.211(2), Florida Statutes (2009). Recovery asserted that the damages alleged by Rodriguez were not recoverable based on established case law, which defines “actual damages” recoverable under FDUTPA as the difference in the market value of the product in the condition in which it was delivered, and the condition in which it should have been delivered. Recovery attached deposition testimony, an affidavit, and documents showing that the jet-boat was repaired by Recovery after the incident. Recovery also established below, and Rodriguez does not dispute, that after the jet-boat sank, Rodriguez returned the jet-boat to Recovery and never returned to retrieve the jet-boat or inquired about its status. It is also undisputed that Recovery did in fact subsequently repair the jet-boat.
 

 Rodriguez filed a memorandum in opposition to Recovery’s motion, but filed no supporting documents regarding the issue of damages. Rodriguez also filed a corrected amended motion to amend complaint seeking to file a sixth amended
 
 *180
 
 complaint. Recovery filed a response and objection to the motion to amend, arguing that Rodriguez had filed five complaints in three years and that her motion was an abuse of the privilege and should be denied. On October 28, 2008, the trial court entered an order denying the motion to amend. After a hearing, the trial court entered final summary judgment in favor of Recovery on November 17, 2008, concluding that the damages Rodriguez sought were not recoverable under FDUTPA. This appeal ensued.
 

 II.
 
 ANALYSIS
 

 A.
 
 Damages not recoverable under the FDUTPA
 

 Section 501.211(2), Florida Statutes (2009), provides: “In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover
 
 actual damages,
 
 plus attorney’s fees and court costs .... ” (emphasis added) In the context of FDUTPA, “actual damages” are defined as “ ‘the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.’”
 
 Rollins, Inc. v. Heller,
 
 454 So.2d 580, 585 (Fla. 3d DCA 1984) (quoting
 
 Raye v. Fred Oakley Motors Inc.,
 
 646 S.W.2d 288, 290 (Tex.Ct.App.1983));
 
 see also Urling v. Helms Exterminators, Inc.,
 
 468 So.2d 451, 454 (Fla. 1st DCA 1985). This is because “[t]he act is intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer.”
 
 Urling,
 
 468 So.2d at 454.
 

 Section 501.212(3), Florida Statutes (2009), further provides that the act does not apply to “a claim for damage to property other than the property that is the subject of the consumer transaction.” Accordingly, under FDUTPA, the term “actual damages” does not include special or consequential damages.
 
 See Smith v.2001 S. Dixie Highway, Inc.,
 
 872 So.2d 992, 994 (Fla. 4th DCA 2004);
 
 Orkin Exterminating Co. v. DelGuidice,
 
 790 So.2d 1158, 1162 (Fla. 5th DCA 2001);
 
 Urling,
 
 468 So.2d at 454;
 
 see also Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati,
 
 715 So.2d 311 (Fla. 4th DCA 1998) (where plaintiff alleged violation of FDUTPA in the purchase of his car, consequential damages in the form of car loan payments were not recoverable).
 

 Additionally, when a plaintiff in her complaint fails to allege a recoverable loss under FDUTPA, the complaint fails to state a cause of action under FDUTPA.
 
 See Smith,
 
 872 So.2d at 994 (where plaintiff improperly sought consequential damages in her FDUTPA claim rather than actual damages in relation to the value of the car she purchased, dismissal with prejudice was proper).
 

 Here, Rodriguez sought damages for “the down payment, payments on the loan, interest, [as well as the] balance on the loan.... ” Rodriguez relies upon
 
 Schauer v. Morse Operations, Inc.,
 
 5 So.3d 2 (Fla. 4th DCA 2009), for her assertion that she is entitled to loan payments as damages for the claimed FDUTPA violation. Her reliance, however, is misplaced. In
 
 Schauer,
 
 the Fourth District reversed a summary judgment granted on the plaintiffs FDUTPA claim because there were issues of fact as to whether the plaintiff remained obligated on a car loan and whether he was improperly charged for insurance.
 
 Id.
 
 at 7. The loan and insurance originated from documents the plaintiff signed to assist in his stepdaughter’s purchase of a car. Therefore, in that case, the “property that is the subject of the
 
 *181
 
 consumer transaction,” § 501.212(3), for which the plaintiff claimed a FDUTPA violation, was his obligation under the loan and the purchase of insurance. In other words, the “property” plaintiff purchased in
 
 Schemer
 
 was the loan and insurance.
 

 In this case, the “subject of the consumer transaction” was the purchase of the jet-boat, and the proper measure of damages is the difference between the market value of the jet-boat as delivered and its market value as it should have been delivered. In
 
 Fort Lauderdale Lincoln Mercury,
 
 715 So.2d at 312-13, the plaintiff alleged a FDUTPA violation in the purchase of his BMW from the defendant. As damages, the trial court awarded loan payments made on the car. The Fourth District reversed, finding that those damages did not constitute “actual damages” under the act and that the proper measure of damages was the difference in the market value of the BMW in the condition in which it was delivered and the market value in which it should have been delivered.
 
 Id.
 
 at 314-15. The same is true here.
 

 Because the proper measure of “actual damages” is the difference in the market value of the jet-boat as delivered and market value as it should have been delivered, we conclude that Rodriguez cannot recover damages for the down payment and loan payments, as those are consequential damages. Moreover, Rodriguez failed to present any evidence relating to the proper measure of “actual damages” in opposition to Recovery’s motion. Accordingly, we affirm the trial court’s entry of final summary judgment in favor of Recovery.
 

 B.
 
 Leave to Amend
 

 On appeal, Rodriguez also argues that because “this was the first time that the Plaintiff had attempted to plead a claim for breach of warranty” the trial court abused its discretion in denying Rodriguez leave to amend to file a sixth amended complaint. A review of the record, however, reveals that the fourth amended complaint contained a count entitled “Count III Warranty” in which Rodriguez attempted to state a cause of action for breach of implied warranty. Recovery filed a motion to dismiss the fourth amended complaint, arguing, among other things, that count III should be dismissed because the sales contract contained an exclusion for breach of implied warranty. The trial court entered an order on the motion to dismiss the fourth complaint, which apparently granted the motion with leave to amend, because Rodriguez then filed the fifth amended complaint, at issue in this appeal, which does not contain the warranty count. Therefore, Rodriguez’s claim that this is her first attempt to plead breach of warranty is incorrect.
 

 Nonetheless, a trial court’s decision whether to grant a motion to amend a complaint is reviewed for abuse of discretion.
 
 Kohn v. City of Miami Beach,
 
 611 So.2d 538, 539 (Fla. 3d DCA 1992) (explaining that “as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice”). “While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion.”
 
 Id.
 
 at 539.
 

 This was not the first time that Rodriguez had attempted to file a sixth amended complaint. Prior to Recovery’s motion for summary judgment, Rodriguez attempted to add a claim for rescission, which the trial court denied as legally futile. Prior to that, Rodriguez filed five
 
 *182
 
 complaints in three years. Given these facts, it cannot be said that the trial court abused its discretion in denying leave to amend, and we affirm the trial court’s denial.
 
 McCuin v. Review Fin. Printers, Inc.,
 
 582 So.2d 176 (Fla. 3d DCA 1991) (no abuse of discretion where trial court precluded plaintiff from filing fourth amended complaint);
 
 Feigin v. Hosp. Staffing Servs., Inc.,
 
 569 So.2d 941 (Fla. 4th DCA 1990) (no abuse of discretion in trial court’s refusal to grant leave to amend where plaintiff filed seventh complaint in four years);
 
 Alvarez v. DeAguirre,
 
 395 So.2d 213, 216 (Fla. 3d DCA 1981) (“a trial judge in the exercise of sound discretion may deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished”; no abuse of discretion in dismissing fifth amended complaint with prejudice).
 

 Affirmed.