MARSTILLER, J.
 

 The controversy underlying this appeal arose several years ago after Kevin M. Hofmann, John N. Patronis and Anne L. Patronis (“Appellees”) suffered financial losses they allege resulted from willful misconduct by their former stockbroker, Marshall R. Cassedy, Jr. (“Appellant”). The merits of Appellees’ case remain unaddressed, however, pending resolution on whether the case may be arbitrated or whether it must proceed in a court action. Appellees submitted their claims to arbitration, but Appellant sued to enjoin them, arguing they waived the right to arbitrate when they litigated the matter in court in 2009, albeit not to conclusion. Appellant seeks reversal of a final summary judgment in Appellees’ favor ruling that the waiver issue is for the arbitrator, not the court, to decide. Because we conclude the trial court incorrectly applied
 
 Howsam v. Dean Witter Reynolds, Inc.,
 
 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002), we reverse the judgment and remand the case for further proceedings.
 

 The procedural history of this case is, succinctly, as follows: In 2009, Appellees sued Appellant in state court to recover their financial losses. Appellant sought to compel arbitration based on provisions in Appellees’ brokerage account documents. Appellees opposed arbitration, asserting the pertinent provisions were either not binding or unenforceable. Little happened in the case over the next several years until early 2013 when Appellant moved to dismiss the lawsuit. Appellees responded by voluntarily dismissing the suit without prejudice. Approximately two months later, Appellees filed a Statement of Claim with the Financial Industry Regulatory Authority (“FINRA”) to initiate arbitration under a FINRA rule and not the disputed contract provisions; the statement contains the same allegations as were in the 2009 complaint. In response, Appellant went to state court seeking to enjoin Appellees from proceeding with arbitration, arguing that, by litigating their claims via court action in 2009, Appellees waived their right to arbitrate.
 

 On Appellant’s motion for summary judgment, the trial court ruled that, based on
 
 Howsam,
 
 the waiver issue is properly to be determined by the arbitrator. The trial court read
 
 Howsam
 
 to hold that waiv.er is a procedural question arising from the arbitrable dispute which is for the arbitrator to decide.
 

 In fact, the Supreme Court did not so hold. Rather,
 
 Howsam
 
 involved a factual scenario and a defense to arbitration significantly different from this case. At the
 
 *940
 
 center of the
 
 Howsam
 
 decision was a National Association of Securities Dealers (“NASD”) arbitration rule of procedure that established a six-year time limitation period for submitting claims to arbitration. 537 U.S. at 82, 123 S.Ct. 588. The issue for the Court was who should decide — a court or the arbitrator — whether the petitioner had lost the right to arbitrate by submitting its claim beyond the six-year period. Concluding this was a
 
 'procedural
 
 issue for the arbitrator to resolve, the Supreme Court explained that, whereas gateway “questions of arbitrability” such as whether an arbitration agreement is binding or whether it covers a particular claim, is for the court to decide, procedural questions that grow out of the dispute are for an arbitrator to decide.
 
 Id.
 
 at 84-85, 123 S.Ct. 588. Procedural questions are those involving conditions precedent to the obligation to arbitrate, like time limits, notice, waiver, estoppel and other similar defenses.
 
 Id.
 
 at 85,123 S.Ct. 588 (citing Revised Uniform Arbitration Act of 2000 § 6(c), 7 U.L.A. 12-13 (Supp. 2002)).
 

 Inasmuch as
 
 Howsam
 
 concerned a purely procedural issue — failure to file an arbitration claim within the time frame provided by procedural rule — we comfortably conclude the decision is inapplicable to this case, where the issue is waiver of the right to arbitrate by prior litigation. There are no Florida appellate decisions on whether
 
 Howsam
 
 applies in this scenario to inform our decision. But several federal appellate courts have held it does not, and we find those decisions persuasive.
 

 In
 
 Marie v. Allied Home Mortgage Corp.,
 
 402 F.3d 1 (1st Cir.2005), the dispute between the parties arose from an employment contract that contained an arbitration clause. Instead of initiating arbitration, the employee filed a discrimination complaint with the Equal Employment Opportunity Commission (“EEOC”) and with Massachusetts’ state-level counterpart to the EEOC.
 
 Id.
 
 at 4-5. The employer responded to the complaint, and when the EEOC found no discrimination, the employee filed a civil suit in state court.
 
 Id.
 
 at 5. The employer, in turn, removed the suit to federal court and moved to compel arbitration.
 
 Id.
 
 The district court denied the motion because the employer had failed to initiate arbitration within the 60-day period provided in the contract, and because, the employer had waived its right to arbitrate due to unreasonable delay in asserting the right.
 
 Id.
 
 at 5-6.
 

 On appeal, the employer argued that the arbitrator, and not the court, should decide both issues. The First Circuit agreed as to the 60-day contractual time limitation period, finding it akin to the rule-based limitation period at issue in
 
 Howsam. Marie,
 
 402 F.3d at 11. But the court ' disagreed as to the waiver, reasoning that the courts, which have traditionally determined issues of waiver by litigation conduct, are better positioned to determine whether a party is engaged in forum shopping — which is the essence of the waiver-by-prior-litigation argument in this context.
 
 Id.
 
 at 12-14. “We hold that the Supreme Court in
 
 Howsam
 
 and
 
 Green Tree [Fin. Corp. v. Bazzle,
 
 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003)] did not intend to disturb the traditional rule that waiver by conduct, at least where due to litigation-related activity, is presumptively an issue for the court.”
 
 Id.
 
 at 14.
 

 The waiver-by-conduct issue in
 
 Ehleiter v. Grapetree Shores, Inc.,
 
 482 F.3d 207 (3d Cir.2007), was whether the corporate defendant/appellant in a personal injury lawsuit waived its right to compel arbitration under a contractual provision after participating in the litigation for nearly four years. Relying on
 
 Howsam,
 
 the appellant argued that the waiver issue was presump
 
 *941
 
 tively for the arbitrator to decide. Persuaded by the First Circuit’s reasoning in
 
 Marie,
 
 the Third Circuit held that “waiver of the right to arbitrate based on litigation conduct remains presumptively an issue for the court to decide in the wake of
 
 Howsam[.]”
 
 482 F.3d at 221. Explaining how
 
 Howsarn
 
 should be read, the court stated:
 

 Viewed in isolation, the Supreme Court’s statement in
 
 Howsarn
 
 that “the presumption is that the arbitrator should decide ‘allegations of waiver, delay, or a like defense to arbitrability,’ ” certainly provides general support for [the appellant’s] position here. Properly considered within the context of the entire opinion, however, we believe it becomes clear that the Court was referring only to waiver, delay, or like defenses arising from non-compliance with contractual conditions precedent to arbitration, such as the NASD time limit rule at issue in that case, and not to claims of waiver based on active litigation in court.
 

 Id.
 
 at 218-19 (citations and footnotes omitted).
 

 In
 
 JPD, Inc. v. Chronimed Holdings, Inc.,
 
 539 F.3d 388, 393 (6th Cir.2008), the Sixth Circuit “join[ed] the First and Third Circuits in holding that the court, not the arbitrator, presumptively evaluates whether [a party] should be barred from seeking a referral to arbitration because it has acted inconsistently with reliance on an arbitration agreement.” And most recently, in
 
 Grigsby & Associates, Inc. v. M Securities Investment,
 
 664 F.3d 1350,1353 (11th Cir.2011), the Eleventh Circuit vacated a district court’s order denying a request to enjoin arbitration on grounds of
 
 res judicata
 
 and waiver by prior litigation because the lower court failed to address the waiver claim. Aligning itself with the First, Third and Sixth Circuits, the Eleventh Circuit announced, “Today we conclude that it is presumptively for the courts to adjudicate disputes about whether a party, by earlier litigating in court, has waived the right to arbitrate. This presumption leaves the waiver issue to the decisionmaker with the greater expertise in recognizing and controlling abusive forum-shopping.” 664 F.3d at 1353-54. The court particularly observed that
 
 How-sam
 
 “involved no allegations of waiver,” and thus, did not “override” the court’s
 
 pre-Howsam
 
 longstanding “history of adjudicating conduct-based waiver claims.”
 
 Id.
 
 at 1354.
 

 One federal appellate court — the Eighth Circuit — appears to have held otherwise.
 
 See Nat’l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.,
 
 328 F.3d 462, 466 (8th Cir.2003). But the waiver issue in that case involved a claim of prior
 
 arbitration
 
 of the dispute with some, but not all, parties to contracts containing the operative arbitration provisions.
 
 See id.
 
 at 463-64. Thus the case is distinguishable from the decisions cited above and from the instant case — which involve waiver by pri- or
 
 litigation
 
 conduct — and does not give rise to similar forum-shopping concerns. Although the Eighth Circuit provided no analysis to support its decision, the waiver claim in
 
 Transamerica
 
 arguably falls in the category of procedural claims arising from the dispute which
 
 Howsarn
 
 deemed presumptively for the arbitrator to decide.
 
 See Howsam,
 
 537 U.S. at 85,123 S.Ct. 588.
 

 A number of state appellate courts also have held
 
 Howsam
 
 does not assign waiver-by-prior-litigation claims presumptively to arbitrators.
 
 See, e.g., Radil v. Nat. Union Fire Ins. Co.,
 
 233 P.3d 688, 693-95 (Colo.2010);
 
 Good Samaritan Coffee Co. v. LaRue Distributing, Inc.,
 
 275 Neb. 674, 748 N.W.2d 367, 373-74 (2008);
 
 Perry Homes v. Cull,
 
 258 S.W.3d 580, 588-89 (Tex.2008);
 
 Ocwen Loan Serv., LLC v. Washington,
 
 939 So.2d 6, 11-14 (Ala.2006);
 
 Hong v. CJ
 
 
 *942
 

 CGV Am. Holdings, Inc.,
 
 222 Cal.App.4th 240,166 Cal.Rptr.3d 100,114 (2013).
 

 Appellees maintain the trial court correctly applied
 
 Howsam
 
 to the waiver claim here because they are pursuing arbitration not under the contractual provisions they previously asserted were invalid, but under a FINRA rule that provides an independent right to arbitrate. We do not consider that a significant distinction because whether the right to arbitrate arose from a contract or from some other authority, the crux of Appellant’s waiver-by-prior-litigation claim is that, by litigating the underlying dispute for four years, Appellees acted inconsistently with the right to arbitrate and are now.forum shopping. Thus, the issue remains within the greater expertise of the court.
 

 In keeping with the federal decisions discussed above, and with the decisions of several state appellate courts, we hold that a claim of waiver of the right to arbitrate based on prior litigation conduct is presumptively one for the court, rather than for the arbitrator, to decide.
 
 How-sam
 
 does not dictate otherwise. Accordingly, we reverse the final summary judgment on appeal and remand to the trial court to consider and rule on the merits of Appellant’s waiver claim.
 

 REVERSED and REMANDED.
 

 ROBERTS and SWANSON, JJ., concur.