# Third District Court of Appeal
## State of Florida

Opinion filed May 17, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-479 and 3D16-2229
Lower Tribunal Nos. 13-33823 and 16-18449

_____

**James Louis Fritz,**
Appellant,

vs.

**John Calvin Fritz, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Joel S. Perwin, P.A., and Joel S. Perwin; Trembly Law Firm, and Fred Viera, for appellant.

Homer Bonner Jacobs, and Peter W. Homer and Christopher J. King, for appellees.


Before ROTHENBERG, SALTER, and FERNANDEZ, JJ.

ROTHENBERG, J.

These consolidated appeals stem from a dispute between five siblings—James Louis Fritz, Jennifer Floyd,[1] John Calvin Fritz, Jeffrey Errol Fritz, and Jack Steven Fritz. In case number 3D16-479, James appeals from the trial court's order granting summary judgment in favor of his three brothers, John, Jeffrey, and Jack (collectively, "the Brothers"), in which the trial court found that James lacked standing to bring a direct action against the Brothers for breach of fiduciary duty because the claims "are derivative in nature and not direct as [James] contends," and from the subsequently entered final summary judgment (lower tribunal case number 13-33823). In case number 3D16-2229, James appeals from the trial court's order granting the Brothers' motion to stay the arbitration proceeding initiated by James on behalf of JW Fritz Partners Limited Partnership and JW Fritz Partners, Inc., against the Brothers, JW Fritz Partners Limited Partnership, and JW Fritz Partners, Inc. For the reasons that follow, we affirm.

The Fritz family owns several entities, including Melrose Nursery, Inc. ("Melrose Nursery"); two limited partnerships, JW Fritz Partners Limited Partnership and Five Fritz Partners Limited Partnership (collectively, "the limited partnerships"); and JW Fritz Partners, Inc., the sole general partner of JW Fritz Partners Limited Partnership. The five siblings are shareholders of Melrose

---

[1] Jennifer Floyd, who was a plaintiff along with James, entered into a mediated settlement agreement with the Brothers prior to the entry of any of the orders under review in Case No. 3D16-479.

2

Nursery and JW Fritz Partners, Inc. and limited partners of the limited partnerships.

Melrose Nursery operated on five parcels of land, which were acquired by the limited partnerships in 2003. In 2005, the limited partnerships sold the five parcels to a third party, Newsouth, LLC ("Newsouth"), and Newsouth executed mortgages and promissory notes in favor of the limited partnerships. Although Newsouth made all of the payments due under the promissory notes and mortgages, in 2008 Newsouth notified the limited partnerships that it could no longer make payments. Prior to the filing of a foreclosure action, Newsouth and the limited partnerships entered into a settlement agreement which allowed Newsouth to retain two of the five parcels transferred to Newsouth in 2005 in exchange for Newsouth's agreement to convey the three remaining parcels to the limited partnerships or an entity designated by the limited partnerships. Based on tax advice from the attorney who handled the Fritz family estate matters, the limited partnerships instructed Newsouth to transfer a ten acre lot, which was previously owned by JW Fritz Partners Limited Partnership, to Biloxi 3, LLC ("Biloxi"), which is owned by the Brothers.

**Appellate Case Number 3D16-479**

In the third amended complaint, James asserted direct claims against the Brothers, alleging that they breached their fiduciary duty to him regarding two

3

matters—(1) allegedly unearned excessive bonuses and management fees paid by Melrose Nursery to the Brothers, and (2) the limited partnerships' 2008 settlement with Newsouth.

The Brothers moved for summary judgment arguing, in part, that James, who is a partner of the limited partnerships and a shareholder of Melrose Nursery, lacks standing in his individual capacity to bring a direct action against the Brothers, and instead, he should have brought the suit derivatively on behalf of Melrose Nursery and the limited partnerships. Following a hearing, the trial court entered an order granting the Brothers' motion for summary judgment, relying on this Court's opinion in Dinuro Investments, LLC v. Camacho, 141 So. 3d 731 (Fla. 3d DCA 2014), and section 620.2001(2), Florida Statutes (2015).

In applying Dinuro and section 620.2001(2), the trial court concluded that based on the allegations of the third amended complaint, the claims asserted are derivative in nature, not direct. Specifically, as to the claims stemming from the alleged unearned excessive bonuses and management fees paid by Melrose Nursery to the Brothers, the trial court concluded that James "failed to show a direct harm and special injury separate and distinct from that sustained by the other shareholders." Similarly, as to the limited partnerships' settlement with Newsouth, the trial court concluded that James "failed to show a direct harm and a special injury separate and distinct from that sustained by the other partners." The trial

4

court also concluded that James cannot benefit from the exception to the test set forth in <u>Dinuro</u> because the third amended complaint "fails to plead a special contractual or statutory duty owed to [James], much less fraud." Thereafter, the trial court entered final summary judgment in favor of the Brothers.

James contends that the trial court erred by granting summary judgment in favor of the Brothers on the ground that he lacked standing to bring an action directly against the Brothers for breach of fiduciary duty. Because our review of the third amended complaint supports the trial court's determination that the claims brought by James are derivative in nature, not direct, we affirm.

After reviewing the three tests routinely used to determine whether a shareholder can bring a direct action, this Court explained in <u>Dinuro</u> as follows:

> [A]n action [by a shareholder or a member of a limited liability company] may be brought directly only if (1) there is a direct harm to the shareholder or member such that the alleged injury does not flow subsequently from an initial harm to the company **and** (2) there is a special injury to the shareholder or member that is separate and distinct from those sustained by the other shareholders or members.
>     We also find that there is an exception to this rule under Florida law. A shareholder or member need not satisfy this two-prong test when there is a separate duty owed by the defendant(s) to the individual plaintiff under contractual or statutory mandates. Thus if the plaintiff has not satisfied the two-prong test (direct harm and special injury) or demonstrated a contractual or statutory exception, the action must be maintained derivatively on behalf of the corporation or company. Such a rule comports with general standards of corporate and LLC law by protecting individuals from the obligations arising out of their relationship to the company, while also allowing the parties greater freedom to contractually set their respective obligations.

5

Dinuro, 141 So. 3d at 739-40 (emphasis in original) (citations omitted); see also § 607.07401, Fla. Stat. (2015). As to partnerships, the trial court also relied on section 620.2001(2), Florida Statutes (2015), which provides: "A partner commencing a direct action under this section is required to plead and prove an actual or threatened injury that is not solely the result of any injury suffered or threatened to be suffered by the limited partnership."

In the instant case, the trial court correctly concluded that James failed to show a direct harm and special injury separate and distinct from that sustained by the other shareholders based on the alleged unearned excessive bonuses and management fees paid by Melrose Nursery to the Brothers. In Karten v. Woltin, 23 So. 3d 839 (Fla. 4th DCA 2009), a minority shareholder filed a direct action against the majority shareholders of a closely held corporation. Id. at 839-40. The complaint alleged that the majority shareholders breached their fiduciary duty to the minority shareholder by voting to pay an excessive salary to one of the majority shareholders, thereby depriving the minority shareholder of profits. Id. at 840. The lower tribunal granted the majority shareholders' motion for summary judgment, finding that, because the minority shareholder's allegations did not set forth any unique facts of a direct loss to him as the minority shareholder, the allegations could only be brought as a derivative claim under section 607.07401. Id. In reviewing the lower tribunal's decision, the Fourth District explained:

6

"Generally, a shareholder cannot sue in the shareholder's name for injuries to a corporation unless there is a special duty between the wrongdoer and the shareholder, and the shareholder has suffered an injury separate and distinct from that suffered by other shareholders." Id. (quoting Braun v. Buyers Choice Mtg. Corp., 851 So. 2d 199, 203 (Fla. 4th DCA 2003)). In affirming the grant of summary judgment, the Fourth District held that the minority shareholder's allegations of excessive payment and other examples of mismanagement and waste did not constitute the type of individualized harm necessary to allow the filing of a direct action and the avoidance of the strictures of a derivative cause of action under section 607.07401, even though the alleged excessive payment, mismanagement, and waste could affect the relative value of the shares owned by all the shareholders. Id. at 841; see also Orlinsky v. Patraka, 971 So. 2d 796, 801-02 (Fla. 3d DCA 2007) ("A shareholder must file a derivative action for breach of fiduciary duty, claiming that the payment of excessive compensation constitutes corporate waste.").

We also agree with the trial court's determination that James's breach of fiduciary duty claim, which was based on the limited partnerships' 2008 settlement with Newsouth, must be brought in a derivative action. As the trial court correctly determined, if any injury was suffered as a result of the limited partnerships' handling of the default, which included transferring ten acres to Biloxi rather than

7

reverting the ownership back to the former owner, JW Fritz Partners Limited Partnership, such damage was sustained by the limited partnership, not directly by the partners, and James failed to show a direct harm and a special injury separate and distinct from that sustained by the other partners.  See Dinuro, 141 So. 3d at 740 (holding that Dinuro, a member of the LLC, lacked standing to bring a direct action against two other members of the LLC based on Dinuro's claim that the LLC was devalued due to the actions of the two other members, thereby leaving Dinuro "with nothing to show for its investments"; noting that Dinuro's action against the other two members of the LLC should have been brought derivatively). Thus, we affirm the trial court's order granting summary judgment in favor of the Brothers and the subsequently entered final summary judgement.[2]

**Appellate Case Number 3D16-2229**

James also appeals from the trial court's order granting the Brothers' motion

---

[2] A few days after the summary judgment hearing, but before the trial court issued its order granting summary judgment, James moved for leave to file a fourth amended complaint, which the trial court denied.  Thereafter, James moved for reconsideration of the order denying the motion for leave to file a fourth amended complaint, which the trial court also denied.  Finding no abuse of discretion in the denial of either motion, we affirm those orders without any further discussion.  See Rodriguez v. Recovery Performance & Marine, LLC, 38 So. 3d 178, 181 (Fla. 3d DCA 2010) (holding that "a trial court's decision whether to grant a motion to amend a complaint is reviewed for abuse of discretion"); Kohn v. City of Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA 1992) ("While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion.").

to stay the arbitration proceeding initiated by James on behalf of JW Fritz Partners Limited Partnership and JW Fritz Partners, Inc., against the Brothers, JW Fritz Partners Limited Partnership, and JW Fritz Partners, Inc. Because James waived his right to arbitration, we affirm.

In May 2016, approximately three months after the trial court entered the final summary judgment in favor of the Brothers based on James's lack of standing, James filed an arbitration action against the Brothers, JW Fritz Partners Limited Partnership,[3] and JW Fritz Partners, Inc., on behalf of JW Fritz Partners Limited Partnership and its corporate general partner, JW Fritz Partners, Inc. The arbitration action relates to the settlement with Newsouth.

The Brothers, JW Fritz Partners Limited Partnership, and JW Fritz Partners, Inc. filed a petition to enjoin the arbitration action, arguing that James had waived any right to arbitration because the causes of action asserted in the arbitration complaint relate to the same matter unsuccessfully litigated by James for three years in lower tribunal case number 13-33823—the 2008 settlement with Newsouth. Following a hearing, the trial court granted the motion to stay the arbitration pending this Court's resolution of the appeal in case number 3D16-479, finding that James waived his right to invoke arbitration because he spent three years litigating the same matter in lower tribunal case number 13-33823, and

---

[3] The JW Fritz Partners Limited Partnership Agreement contained an arbitration provision.

9

therefore, he has clearly "acted inconsistently with the right to arbitrate and [is] now forum shopping." Cassedy v. Hofmann, 153 So. 3d 938, 942 (Fla. 1st DCA 2014). Finding no error in the trial court's decision, we affirm the trial court's order staying arbitration without further discussion. See Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005) (recognizing that a party's right to arbitrate "may be waived by actually participating in a lawsuit or taking action inconsistent with that right"; holding that "an arbitration right must be safeguarded by a party who seeks to rely upon that right and the party must not act inconsistently"); Cassedy v. Hofmann, 153 So. 3d 938, 942 (Fla. 1st DCA 2014) (holding "a claim of waiver of the right to arbitrate based on prior litigation conduct is presumptively one for the court").

Any other arguments or issues raised by James do not merit discussion. Accordingly, we affirm the orders and/or judgments under review in these consolidated appeals.

Affirmed.