# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-131
Lower Tribunal No. 10-18316
_____

**Javier Ardura,**
Appellant,

vs.

**Moris Beracha, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Greenberg Traurig, P.A., and Ronald M. Rosengarten and Jay A. Yagoda, for appellant.

Akerman LLP, and Kristen M. Fiore (Tallahassee), Francisco A. Rodriguez, Andrew J. Dominguez, and Sandra J. Millor, for appellees.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Javier Ardura appeals final summary judgment in favor of Moris Beracha, Fernando Fiksman, Luis Otero, and Cel Consumer Electronic Logistics, S.A. De C.V. (Appellees). The underlying lawsuit relates to a series of business enterprises in which, according to Ardura, "the Individual Defendants and the Corporate Defendants defrauded Ardura, and absconded with [his] money or failed to pay him . . . ." In a thorough and thoughtful final summary judgment order in favor of appellees, the trial court found that a related Spanish Final Judgment had res judicata effect on several of the counts in the underlying Florida action; and that the remaining counts were either unsupported by the summary judgment evidence or there was no genuine dispute as to any material fact and appellees were entitled to judgment as a matter of law.[1] We agree.

We therefore affirm final summary judgment based upon principles of res judicata and additional legal principles relied upon by the trial court. Philip Morris USA, Inc. v. Douglas, 110 So. 3d 419, 425 (Fla. 2013) ("A

---

[1] We apply de novo review. United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So. 3d 1101, 1103 (Fla. 3d DCA 2010) ("A trial court's ruling that relief is barred on the grounds of res judicata or collateral estoppel is reviewed de novo.") (quotation omitted); see also Ottey v. Citizens Prop. Ins. Corp., 299 11 So. 3d 500, 501 (Fla. 3d DCA 2020) ("Our standard of review of an order granting summary judgment is de novo. We review the record to determine whether there are genuine issues of material fact that preclude summary judgment.") (quotations omitted).

judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.") (quoting Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984)); A.P.B. v. T.C.-M., 315 So. 3d 106 (Fla. 3d DCA 2020) ("[T]he doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case.") (quoting Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001)). See Romo v. Amedex Ins. Co., 930 So. 2d 643, 650-51 (Fla. 3d DCA 2006) (providing that to state a cause of action for fraudulent misrepresentation, a plaintiff must allege the following: "(1) a misrepresentation of a material fact; (2) which the person making the misrepresentation knew to be false; (3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; (4) that the person relied on the misrepresentation to his detriment; and (5) that this reliance caused damages"). See Fritz v. Fritz, 219 So. 3d 234, 237 (Fla. 3d DCA 2017) ("[I]f the plaintiff has not satisfied the two-prong test (direct harm and special injury) or demonstrated a contractual or statutory exception, the action must be maintained derivatively

3

on behalf of the corporation or company"); <u>Dr. Rooter Supply & Serv. v. McVay</u>, 226 So. 3d 1068, 1072 (Fla. 5th DCA 2017) ("[A] stockholder's interest in a corporation is limited to the legal rights flowing from the ownership of capital stock."); <u>Braun v. Buyers Choice Mortg. Corp. ex rel. McAloon</u>, 851 So. 2d 199, 202 (Fla. 4th DCA 2003) ("Directors of a corporation are generally not personally liable to creditors for breach of fiduciary relationship, nor are they liable for mismanagement or waste of assets"); <u>See</u> <u>Marriott Int'l, Inc. v. Am. Bridge Bahamas, Ltd.</u>, 193 So. 3d 902, 906 (Fla. 3d DCA 2015) ("[T]o establish the joint control necessary to find the existence of a joint venture, it must be shown that each of the parties to the joint venture had the right and the authority . . . to bind the others with reference to the subject matter of the coadventure. . . .") (quotation omitted). <u>See</u> <u>Gasparini v. Pordomingo</u>, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008) ("For money to be the object of conversion there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified") (quotation omitted). <u>See</u> <u>Moffatt & Nichol, Inc. v. B.E.A. Intern. Corp., Inc.</u>, 48 So. 3d 896 (Fla. 3d DCA 2010) (holding that judgment creditor

was not entitled to "get to the head of the line" and to pursue derivative claims against transferees).[2]

Affirmed.

---

[2] The parties agree that counts 7, 8, and 9 (asserting claims for accounting and for civil conspiracy) rise and fall with their corresponding substantive counts. Therefore, summary judgment on these counts is likewise affirmed. In addition, count 6 (pertaining to a constructive trust) was dismissed without prejudice in separate proceedings. The only counts not disposed of by the underlying order are Counts 2 and 11 against Fastel Mexico; however, Fastel Mexico had filed for bankruptcy at the time of the underlying proceedings, and we note that that company is not a party in this appeal.